555 A.2d 166

**Jean BOOTHBY, Individually and as Administratrix of the Estate of Robert Boothby, Deceased, Appellant,**

v.

**METROPOLITAN INSURANCE COMPANY and State Farm Insurance Company, Appellees.**

Superior Court of Pennsylvania.

Submitted Oct. 12, 1988.

Filed March 6, 1989.

252

Gary P. Heslin, Philadelphia, for appellant.

James Bielunas, Philadelphia, for Metropolitan, appellee.

Michael Saltzburg, Philadelphia, for State Farm, appellee.

Before ROWLEY, WIEAND and BECK, JJ.

WIEAND, Judge:

The issue in this appeal is whether liability limiting provisions in two overlapping policies of insurance providing coverage for the same automobile are invalid because contrary to the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq., repealed by the Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

On January 16, 1982, Robert Boothby was killed and Jean Boothby was injured in an accident which occurred in Pennsylvania while they were occupying a 1982 Subaru owned by Robert Boothby. At the time of the accident the vehicle was insured under two automobile insurance policies. One of the policies had been issued by Metropolitan Insurance Company and became effective on January 15, 1982. The other, which had been cancelled effective February 6, 1982, had been issued by State Farm Insurance Company. Both policies provided no-fault coverage in accordance with the Pennsylvania No-fault Motor Vehicle Insurance Act. Under both policies, the limit of liability for work loss benefits was fifteen thousand ($15,000) dollars, the limit for survivor's loss benefits was five thousand ($5,000) dollars, and the limit for reimbursable funeral expenses was fifteen hundred ($1,500) dollars. The State Farm policy provided, inter alia, as follows:

**No Duplication of Benefits**

No insured shall recover twice for the same expense or loss under this or similar vehicle insurance or self-insurance.

**Other Insurance**

If an **insured** has similar vehicle insurance or self-insurance the total amount due shall not exceed the limit of the source with the highest limit. We will pay our share. Our share is the percent the limit of this policy bears to the total amount of all such insurance available. (S.R. 32b).

The Metropolitan policy contained similar language.

Each carrier paid to Robert Boothby's estate a work loss benefit in the amount of seven thousand, five hundred ($7,500) dollars. Each carrier also paid a survivor's benefit in the amount of two thousand, five hundred ($2,500) dollars and a funeral benefit in the amount of seven hundred fifty ($750) dollars. Similarly, the two insurance carriers divided the amount of work loss benefits payable to Jean Boothby. Each paid two thousand, four hundred sixty-five ($2,465) dollars.

Claims for additional benefits from both carriers were denied, and this suit followed. The parties stipulated, inter alia, that Boothby's estate sustained a work loss of at least thirty thousand ($30,000) dollars, that his funeral expenses were three thousand, two hundred one ($3,201) dollars, and that his wife sustained a survivor's loss of at least ten thousand ($10,000) dollars. The parties stipulated further that if the limiting language were declared invalid, the wife would be entitled to an additional work loss benefit in the amount of three thousand, nine hundred seven and 25/100 ($3,907.25) dollars from the two insurance carriers. The insurers then filed a motion for summary judgment, which the trial court granted.

The provisions of the policies are clear and unambiguous. Where coverage is provided by more than one policy, the total amount payable by each insurer cannot exceed the limit of the source with the highest limit. Of this amount, a carrier must pay a percentage determined according to the ratio of its coverage to the total amount of insurance available. The insurers have paid in full the amounts due and payable under their policies. Unless the language of the policies is to be declared invalid, therefore, judgment was properly entered in favor of the appellee-insurers.

Although appellant is unable to refer to any specific language in the No-fault Act which proscribes the limiting language in these contracts of insurance, she argues that the contract provisions violate the public policy underlying the Act. In this respect, she points to the language of the statute which requires all policies to provide basic loss benefits. This requirement, she argues, invalidates contract language which permits a carrier to pay less than the basic loss benefits required by the statute. This argument is specious, and we reject it.

It was the owner of each vehicle registered in Pennsylvania who was required by the No-fault Act to provide security for the payment of basic loss benefits. If an accident occurred in which a person was injured, it was that person who was entitled to recover basic loss benefits. Where

there were several insurers, the statute did not require that each insurer pay the total amount of basic loss benefits; neither did it entitle a victim under such circumstances to recover double benefits.

In *Antanovich v. Allstate Insurance Co.*, 507 Pa. 68, 488 A.2d 571 (1985), it was argued that a policy provision preventing the stacking of benefits available for several vehicles was in violation of public policy underlying the Act. The Supreme Court rejected the argument, holding that the Act contained no statement of policy which voided the plain, unambiguous provisions of an insurance contract which precluded the stacking of benefits.

The same reasoning is applicable here. There is in the No-fault Act no indication of policy so clear that it requires this Court to invalidate the plain, unambiguous language of policies limiting liability of the carriers in the event of duplicate coverage.

The order entering summary judgment is affirmed.