571 A.2d 378

**Deloris B. SOLES,**

**v.**

**PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, Appellant.**

**Raymond BENSON, as Administrator of the Estate of Darlene Benson, Deceased**

**v.**

**DONEGAL MUTUAL INSURANCE COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued March 8, 1990.

Decided March 28, 1990.

Louis C. Long, Meyer Darragh Buckler Bebenek Eck & Hall, Pittsburgh, for Donegal Mut. Ins. Co.

James M. Horne, State College, for Pennsylvania Nat. Mut. Ins. Co.

Gary M. Lang, Feldstein, Grinberg, Stein & McKee, Pittsburgh, for Raymond Benson.

Joseph P. Green, Bellefonte, for Deloris B. Soles.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM:

Orders of Superior Court affirmed.

McDERMOTT and ZAPPALA, JJ., did not participate in the consideration or decision of these cases.

NIX, C.J., files a dissenting opinion in which FLAHERTY, J., joins.

NIX, Chief Justice, dissenting.

We have previously held that the stacking of insurance benefits was prohibited under the No-fault Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101–1009.701 (repealed 1984). *Antanovich v. Allstate Insurance Co.*, 507 Pa. 68, 488 A.2d 571 (1985). The Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.*, expressly prohibits stacking. 75 Pa.C.S. § 1717.

Thus, any argument that stacking is permitted during a transitional period between the two acts is completely without foundation.

Further, the insurance agreements of appellants expressly excluded coverage of persons covered by another insurance policy. Under constitutional concerns for the sanctity of contract, we ought to respect the terms of valid enforceable contracts.

I, therefore, dissent.

FLAHERTY, J., joins in this opinion.