595 A.2d 128

**Nicholas KOSOR and Beverly Kosor, his Wife**

v.

**HARLEYSVILLE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 24, 1991.

Filed July 24, 1991.

David L. Robinson, Greensburg, for appellant.

John M. O'Connell, Jr., Greensburg, for appellees.

Before ROWLEY, President Judge, and CAVANAUGH and HESTER, JJ.

CAVANAUGH, Judge:

The issue before us is whether the court below properly entered judgment on the pleadings in favor of the plaintiffs, Nicholas Kosor and Beverly Kosor, his wife (the appellees), and against Harleysville Mutual Insurance Company (the

appellant). The judgment directed payment under appellees' insurance policy of medical expenses and replacement services which had already been paid in full under the personal injury protection provisions of a separate insurance policy. The judgment also awarded interest at the rate of eighteen (18%) percent per year from October 29, 1983.

Nicholas Kosor purchased a personal auto insurance policy No. FAB 04–79–84 from the appellant which provided personal injury protection under the Pennsylvania No–Fault Insurance Law then in effect.[1] Under the policy, the insureds named were Nicholas Kosor and Beverly Ann Kosor. The policy insured a vehicle individually owned by Mr. Kosor.

Niksu, Inc., a business corporation which was wholly owned by the Kosors, purchased a business auto policy to cover a vehicle owned by Niksu, Inc. The policy was in effect from January 1, 1982 to January 1, 1983, and the named insured was Niksu, Inc. Both policies were issued by the appellant and both contained provisions for personal injury protection benefits under the No–Fault Act.

On July 5, 1982, the vehicle owned by Niksu, Inc. was being operated by Mr. Kosor and was involved in an accident. Mrs. Kosor was a passenger in the automobile at the time.

The appellees made claims against Harleysville Mutual Insurance Company under the personal injury protection clauses of both policies, claiming identical benefits under each policy. Harleysville paid in full all of the bills for medical services and replacement services under the policy

1. The Pennsylvania No–Fault Motor Vehicle Insurance Act, 40 Pa.S. § 1009.101 to § 1009.701 was in effect at all times relevant to this case. The No–Fault Act has been repealed and replaced by the Motor Vehicle Financial Responsibility Act (MVFRL), 75 Pa.C.S. § 1701 *et seq.* The MVFRL applies only to policies issued after October 1, 1984, and policies issued prior to October 1, 1984 remain subject to the repealed No–Fault Act. *Soles v. Pennsylvania National Mutual Insurance Co.,* 372 Pa.Super. 605, 539 A.2d 1360 (1988). The policies in this case were in effect from January 1, 1982 to January 1, 1983 and the accident occurred on July 5, 1982.

issued to Niksu, Inc. but refused to pay the same benefits under the policy issued to Mr. Kosor. The appellees acknowledged that their medical expenses and replacement services had been paid by Harleysville under the business auto policy but contended they should be reimbursed for the identical expenses under the personal auto policy issued to Mr. Kosor. Harleysville paid $21,466.25 medical expenses for Mr. Kosor and replacement services of $14.00, and medical expenses of $4,557.44 for Mrs. Kosor and replacement services for her in the amount of $114.00.

The pleadings in the court below consist of a complaint in assumpsit, answer and new matter filed by appellant and reply to new matter filed by appellees. The appellant filed a motion for judgment on the pleadings and subsequently the appellees filed a similar motion. Appellees' motion for judgment on the pleadings was granted and the court entered judgment in favor of Mr. Kosor in the amount of $21,480.25 and Mrs. Kosor in the amount of $4,674.44, plus interest in the amount of eighteen (18%) percent per year from October 29, 1983. From this order of September 6, 1990, by Ambrose, J., Harleysville Mutual Insurance Company has appealed to this court.

■■■■■ Entry of judgment on the pleadings is permitted under Pa.R.C.P. 1034 which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. *Karns v. Tony Vitale Fireworks Corporation*, 436 Pa. 181, 259 A.2d 687 (1969). It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Gallo v. J.C. Penney Casualty Insurance Co.*, 328 Pa.Super. 267, 476 A.2d 1322 (1984); *Vogel v. Berkley*, 354 Pa.Super. 291, 511 A.2d 878 (1986); *Groff v. Pete Kingsley Building, Inc.*, 374 Pa.Super. 377, 543 A.2d 128 (1988). In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. *DiAndrea v. Reliance Savings & Loan Association*, 310 Pa.Super. 537, 456 A.2d 1066 (1983). The scope of

review on an appeal from the grant of judgment on the pleadings is plenary. We must determine if the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. *Keystone Automated Equipment Co. v. Reliance Insurance Co.*, 369 Pa.Super. 472, 535 A.2d 648 (1988).

The pleadings in this case are sketchy at best. Neither the appellees, whose complaint in assumpsit is based on the insurance policies, nor the appellant, whose defense is based on the same policies, attached copies of the policies to the pleadings. However, the appellant attached copies of the policies to its petition for reconsideration and application for leave to amend filed after the opinion of the court below *en banc* was filed, which application was denied.

The complaint states that Mr. Kosor purchased policy No. FAB 04–79–85 and paid the premium, and policy BA–OX–44–48 was purchased by Niksu, Inc., which paid the premium. However, in the "Motion for Judgment on the Pleadings" filed by appellees, it is incorrectly stated that "the plaintiffs [appellees herein] allege that they purchased two policies of insurance from the Harleysville Mutual Insurance Company ..." Appellees also incorrectly state at page 2 of appellees' brief: "The court *en banc* correctly found, based upon the pleadings filed, that appellees purchased two policies of insurance from the appellant ... Both appellees were named as insured persons under both policies in question ..."

In fact, the plaintiffs, Mr. and Mrs. Kosor did not purchase both policies, but only the personal auto insurance policy. Niksu, Inc. purchased the business auto insurance policy. The court below did not find that the plaintiffs purchased both policies but stated at page 2 of its slip opinion: "Defendant, however, made payments to each plaintiff for medical and replacement services *only under the policy purchased by the corporation.*" (Emphasis added)

■ The appellees have argued, subsequent to filing the complaint, that they purchased both policies. The mere fact that they were the sole stockholders in Niksu, Inc. does not obfuscate the fact that appellees were separate and distinct from the corporation. A corporation is an independent entity even where stock ownership is vested in one individual. *Sweeney v. Commonwealth of Pennsylvania*, 120 Pa. Cmwlth.Ct. 591, 549 A.2d 1001 (1989); *Kaites v. Commonwealth of Pennsylvania, Department of Environmental Resources*, 108 Pa.Cmwlth.Ct. 267, 529 A.2d 1148 (1987).[2]

■ Two separate policies were issued by Harleysville as there were different insureds with separate insurable interests. Mr. Kosor owned one vehicle and Niksu, Inc. owned a different vehicle. The No–Fault Insurance Act then in effect provided at 40 Pa.S. § 1009.104:

§ 1009.104. Required motor vehicle insurance

(a) Security covering a motor vehicle.—Every owner of a motor vehicle which is registered or which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle while such vehicle is either present or registered in the Commonwealth ...

The owner or any other person may provide security covering a motor vehicle by a contract of insurance with an insurer or by qualifying as a self-insurer or as an obligated government.

Neither Mr. Kosor nor Niksu, Inc. could lawfully operate their respective vehicles without separate policies. Appellees have inaccurately argued at page 3 of their appellate brief, "As the appellees paid two full premiums, they were thus entitled to be paid benefits under each policy." As

**2.** The court below also erroneously treated the Kosors and Niksu, Inc. as one and the same. This resulted in incorrectly setting forth the issue involved as follows:

The question to be determined is whether or not a No–Fault insurer is required to pay personal injury protection benefits twice *under two (2) separate auto insurance policies [issued] to the same individual.* (Emphasis added.)

noted above, Mr. Kosor purchased only one policy which he had to do to lawfully operate his vehicle in Pennsylvania.

The No–Fault statute itself militates against payment of double benefits under two policies issued to different insureds wherein it states:

> It is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims.

The court below in granting the appellees' motion for judgment on the pleadings compared the matter *sub judice* to a person having separate life insurance policies on his life stating:

> If that individual dies, his beneficiary under each policy receives the amount stated in the policy. Both the life insurance policies in that situation and the automobile insurance policies in this case provide benefits to the insured or his beneficiary in exchange for the payment of premiums.

The analogy is inappropriate. A life insurance policy is a contract between an insurance company and the insured. *See, O'Donnell v. Independence Life & Accident Insurance Co.*, 229 Pa.Super. 259, 323 A.2d 387 (1974). Benefits under each life insurance policy are paid in accordance with the terms of the contract. Such a policy is not mandated by the legislature as was insurance under the No–Fault Act. No one seriously contends that an individual may not obtain more than one policy of insurance on his life and that the designated beneficiaries would not be entitled to the proceeds in accordance with each contract of insurance. In the instant case, the policies issued were mandated by the No–Fault Insurance Act as far as the personal injury protection clauses were concerned.

On the issue of the propriety of entering judgment on the pleadings in favor of the appellees we must deal with the anamalous situation that neither the appellant nor the

appellees attached copies of the insurance policies involved to the pleadings. However, copies of the insurance policies were attached to the appellant's petition for reconsideration and leave to amend. The appellees' brief in opposition to the defendant's application for reconsideration and leave to amend does not dispute that the policies set forth are true and correct copies of the original but argued instead that:

"The defendant, on the question of interpretation of the policy, seems to be objecting to normal contract interpretation of these insurance policies. If anything is true, it is that the courts have found that all questions which are ambiguous should be resolved in favor of the policy holder and not in favor of the insurance company."

The policies in question were the basis for the cause of action by the appellees and the court below stated: "In this case, there is no provision in either policy prohibiting payments under one policy if the same payments are made under the other policy." We are cognizant that in a motion for judgment on the pleadings nothing should be considered except the pleadings. *DiAndrea v. Reliance Savings and Loan Association*, 310 Pa.Super. 537, 456 A.2d 1066 (1983).[3] Nevertheless, in this case all parties, and the hearing court, considered the policies involved. The appellees' complaint in assumpsit was based on the two policies which it specifically referred to by policy numbers and it cannot be prejudiced by our review of the policies.

We do not reach the same conclusion as the court below which determined that the policies did not prohibit double payment of the same benefits. Each policy provided in dealing with no-fault benefits in § I, H:

**3.** Even if we ruled that we could not consider the language of the insurance policies issued by appellant, we would reverse the judgment on the pleadings and interest thereon entered in the court below, as we are convinced that the No–Fault Act did not provide for duplication of benefits under policies issued to different insureds who had different insurable interests. However, we see no reason to remand to the court below to interpret the insurance policies which are unambiguous and which all parties concede are in existence.

H. Non–Duplication of Benefits; Other Insurance. No eligible person shall recover duplicate benefits for the same elements of loss under this or any other similar automobile insurance including self-insurance.

This clause is consistent with the purpose of the No–Fault Act. The Act further provided that where an accident resulting in an injury occurs, the injured person "is entitled to receive basic loss benefits in accordance with the provisions of this Act." 40 Pa.C.S. § 1009.201(a).[4] The clause is unambiguous and must be construed in accordance with its ordinary meaning. *Peerless Dyeing, Inc. v. Industrial Risk Insurers*, 392 Pa.Super. 434, 573 A.2d 541 (1990). If the language of an insurance policy is unambiguous, interpretation is a matter of law for the court. *United States Fidelity & Guaranty v. Griggs*, 341 Pa.Super. 286, 491 A.2d 267 (1985).

In *Antanovich v. Allstate Insurance Co.*, 320 Pa.Super. 322, 467 A.2d 345 (1983) we held that stacking, or double recovery of basic loss benefits is prohibited. The Supreme Court affirmed at *Antanovich v. Allstate Insurance Co.*, 507 Pa. 68, 488 A.2d 571 (1985), holding that the No–Fault Act did not allow stacking where there is a plain, unambiguous contract provision to the contrary.[5]

*Antanovich, supra*, was recently considered in *Boothby v. Metropolitan Insurance Co.*, 382 Pa.Super. 251, 555 A.2d 166 (1989). In that case, two different insurance companies issued policies containing a "no duplication of benefits clause" substantially identical to those involved in this case.

**4.** The Motor Vehicle Financial Responsibility Act prohibits stacking of first-party benefits "where multiple vehicle policies cover the individual for the same loss." 75 Pa.C.S. § 1717. *See also, Manolakis v. Transamerica Insurance Co.*, 396 Pa.Super. 256, 578 A.2d 503 (1990). While the MVFRA does not apply in this case, the manifested intent of the legislature to prohibit duplication of benefits has been consistent.

**5.** In *Soles v. Pennsylvania National Mutual Insurance Co.*, 524 Pa. 280, 571 A.2d 378 (1990), affirming *Soles v. Pa. National Mutual Insurance Co.*, 372 Pa.Super. 605, 539 A.2d 1360 (1988), Chief Justice Nix in a dissenting opinion noted that the Supreme Court had previously held that the stacking of insurance benefits was prohibited under the No–Fault Insurance Act, citing *Antanovich v. Allstate Insurance Co., supra*.

We held that liability limiting provisions in the two overlapping policies of insurance were valid, stating at 382 Pa.Super. at 254–255, 555 A.2d at 168:

It was the owner of each vehicle registered in Pennsylvania who was required by the No–Fault Act to provide security for the payment of basic loss benefits. If an accident occurred in which a person was injured, it was that person who was entitled to recover basic loss benefits. *Where there were several insurers, the statute did not require that each insurer pay the total amount of basic loss benefits; neither did it entitle a victim under such circumstances to recover double benefits.* (Emphasis added.)

In *Koval v. Liberty Mutual Insurance Co.*, 366 Pa.Super. 415, 531 A.2d 487 (1987) we also held that a prohibition against stacking where personal injury protection benefits were included in a policy issued in accordance with the Pennsylvania No–Fault Insurance Act was enforceable and not unconscionable.

The appellees have been fully compensated for their personal injuries under a policy issued by the appellant to Niksu, Inc. containing personal injury protection benefits in accordance with the No–Fault Insurance Act in effect when the policy was issued and when the accident occurred.[6] Even in the absence of a clause in the policies prohibiting duplication of benefits, we do not believe the No–Fault Act contemplated such duplication in a situation that exists in the present case. Since there are no material facts in dispute, the court below should have entered judgment on the pleadings in favor of the appellant.

Judgment reversed and judgment on the pleadings entered in favor of the appellant and against appellees.

6. In the recent case of *Bowdren v. Aetna Life & Casualty Co.*, 404 Pa.Super. 595, 591 A.2d 751, (1991) we held that a board of arbitrators had not erred in refusing to permit stacking of uninsured motorist benefits by a claimant of a particular class.