## Cory v. Stroudsburg Area School Authority

*Kevin P. Foley,* for plaintiffs.
*Timothy G. Lenahan,* for defendant.
*Edward A. Monsky,* for defendant.
*Kevin J. Ryan,* for defendant.

O'BRIEN, *J.,* November 7, 1991—On February 28, 1991, plaintiffs filed a complaint seeking damages for personal injuries sustained by Jean Cory as the result of a fall in the bleachers at the Stroudsburg High School football stadium on September 8, 1989. While Degler-Whiting Inc. and Howmet Aluminum Corporation have filed answers to the complaint, the school district filed preliminary objections in the nature of a demurrer. Subsequently the plaintiffs filed preliminary objections to the preliminary objections filed by the school district. Following submission of briefs and oral argument before the court on October 7, 1991, all preliminary objections are now before the court for disposition.

In their preliminary objections, plaintiffs complain of the failure of counsel for the Defendant school district to file a praecipe for argument contemporaneous with filing preliminary objections to plaintiffs' complaint. The plaintiffs further allege that the defendant school district was dilatory in responding to discovery initiated by the plaintiffs. Since no prejudice has occurred to the plaintiffs by the defendant's conduct and the matter has been brought before the court expeditiously for disposition, we conclude that plaintiffs' preliminary objections to defendant school district's preliminary objections are without merit.

Plaintiffs' complaint sets forth three different theories of liability. Count I alleges negligence as a result of an unsafe condition of the bleachers. Count II alleges strict liability and Count III alleges a breach of implied warranty. The school district has filed a demurrer to all three counts asserting that it is immune from suit by virtue of the Political Subdivision Tort Claims Act. Therefore, we must determine whether the immunity provided by that Act protects the defendant school district from liability with

respect to each theory of liability asserted by the plaintiffs in their complaint.

The grant of governmental immunity to local agencies such as the defendant school district is set forth in 42 Pa.C.S. §8541 which provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." The Act specifically provides exceptions to the grant of governmental immunity in 42 Pa.C.S. §8542 which provides in pertinent part:

"(a) *Liability imposed*

"A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available defense under section 8541 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

"(b) *Acts which may impose liability*

The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(3) Real property—the care, custody or control of real property in the possession of the log change

was contemplated. The accident and accrual of plaintiffs' right to recover predated the amendment.

In an en banc decision, Superior Court struck down a statute which gave retroactive effect to abrogation of the right to bring an action for wrongful birth. 42 Pa.C.S. 8305. While acknowledging legislative power to abrogate causes of action, Superior Court held that the legislature cannot extinguish a cause that has already accrued. *Jenkins v. Hospital of Medical College,* 401 Pa. Super. 604, 585 A.2d 1091 (1991).

Superior Court has also recognized legislative policy against double recovery of benefits under automobile policies under both MVFRL and now repealed. No Fault Act, 40 P.S. §§ 1009.104, 201a. *Kosor v. Harleysville Mutual Insurance Co.,* 407 Pa. Super. 68, 595 A.2d 128 (1991) citing 75 Pa.C.S. 1717 and *Manolakis v. Transamerica Insurance Co.* 396 Pa. Super. 256, 578 A.2d 503 (1990). Nonetheless, the court recognized that duplication was only proscribed, under No Fault, for (1) basic loss benefits and (2) where policies so provided. The court also recognized the difference between automobile and other types of insurance.[1]

If we dealt only with admissibility of evidence, defendant's argument would be slightly more persuasive. In fact, we deal with recovery of damages, a substantive right. Plaintiffs had the right to recover excess medical expenses prior to the amendment. The insurance company which paid those bills had the right to claim subrogation, bargain it away or

---

1. "No one seriously contends that an individual may not obtain more than one policy of insurance on his life and that the designated beneficiaries would not be entitled to the proceeds in accordance with each contract of insurance." *Kosor* at 74, 595 A.2d at 131. Obviously, the same rationale can be applied to in our case.

forego it. That was a matter strictly between plaintiffs and their health plan carrier. Under the law as it existed when this action occurred, defendant could not claim the benefit of someone else's largess. This being a substantive right, the legislature was powerless to change it retrospectively.

We, therefore, hold that plaintiff is not precluded from recovery of excess medical bills.

Interestingly, our consideration of the helmet issue leads us to find that legislative changes are procedural and should be applied to the case before us.

Superior Court considered evidence of non-use of seat belts in *Grim v. Betz,* 372 Pa. Super. 614, 539 A.2d 1365 (1988). Until the time of that opinion, attempts to introduce failure to use seat belts met with mixed reactions in county courts. Superior Court did not dispositively settle the issue in *Parise v. Fehnel,* 267 Pa. Super. 79, 406 A.2d 345 (1979). That appellate body left definitive action for another day, holding only that, at the very least, expert testimony was needed to make the evidence relevant. When this condition was met, an en banc court in *Grim* applied 75 Pa.C.S. 4581, enacted November 23, 1987, to the case, even though the accident occurred May 26, 1983.[2]

Section 4581 declared inadmissible, in civil cases, evidence regarding the failure to use seat belts (restraint systems).

Prior to enactment of Act 20 of 1991, 75 Pa.C.S. §3510, the legislature required only motorcyclists to use helmets. Nothing was said about evidence in civil proceedings. 75 Pa.C.S. 3525. Act 20 now

---

2. "Moreover, it is well settled that an intervening change in the law must be applied to cases which are in the throes of direct appeal when the change occurs." *Grim* at 620, 539 A.2d at 1368.

requires helmets for bicycle passengers five years old or younger. More importantly, it absolutely prohibits introduction of violations in a civil case.

Under the rationale expressed in *Grim,* it seems clear that had the minor been five or younger, evidence of helmet non-use would be inadmissible. We consider it anomalous to allow a jury to consider absence of helmet use for a 12 year old and not be allowed to consider it for a five year old.

There are differences between seat belts and helmets that argue for exclusion, even in the absence of the statute. However, we base our decision solely on the legislative amendment. Applying, as directed by *Grim, supra,* legislative changes to this case, we hold that defendants may not introduce evidence concerning the failure to wear a helmet.

The attached order is entered.

### ORDER

And now, December 5, 1991, the court rules, in limine:

(1) Plaintiffs may recover medical bills in excess of $10,000.

(2) Defendant may not introduce evidence concerning minor plaintiffs' failure to wear a helmet.