## Livesay v. Dick

*Michael L. Kosik,* for plaintiffs.
*Thomas J. Williams,* for defendant.

SPICER, *P.J.,* December 5, 1991—During pre-trial conference, it was determined that several legal issues should be addressed preliminarily, before trial. Accordingly, defendant moved for a ruling that recent amendments to the Motor Vehicle Financial Responsibility Law, specifically 75 Pa.C.S. §§1720, 1722, apply to this case. Plaintiffs moved to exclude

evidence that Steven Livesay Jr. failed to use a bicycle helmet when he was injured March 19, 1989. Steven was 12 years old at the time and collided with defendant's automobile while riding a bicycle on Township Road 539 in Butler Township, Adams County. The accident occurred while the minor negotiated a curve and defendant was operating his car in the opposite direction. Young Livesay suffered substantial injuries for which he received medical treatment costing in excess of $28,000. He received first party benefits from his parents' insurance carrier ($10,000) and now seeks to recover the excess of some $18,000.

Defendant, of course, seeks to preclude such recovery. He also seeks to use non-use of a helmet for purposes of comparative negligence and mitigation of damages.

Addressing defendant's motion first, we observe that amended sections 1720 and 1722, if applicable, control the issue concerning recovery of excess payments. A health plan carrier providing medical insurance paid bills for which plaintiffs seek recovery. If these sections apply, the second carrier would absorb the expense, with no rights of subrogation. By the same token, plaintiffs would be prevented from recovering the extra $18,000.

Plaintiffs argue that the legislature did not make the amendments retroactive and, even had it done so, new provisions could not apply to a case arising from an accident occurring March 19, 1989. The amendments became effective July 1, 1990.

Defendant argues that plaintiffs cannot recover for expenses someone else paid. Defendant counters that the health plan provider has shown no interest in subrogation and that allowing proof and recovery will provide plaintiffs with a windfall they do not deserve.

Defendant concedes that statutes are generally construed to apply prospectively, 1 Pa.C.S., section 1926, and that statutes cannot impair vested or contractual rights. *Id.*, section 1476(a). However, he argues that only procedural and evidentiary concerns are involved in the case sub judice. He further contends that remedial legislation should be liberally applied and provisions affecting procedure should and must be applied to pending litigation. *Pope v. Pennsylvania Thresher and Farm Mutual Casualty Insurance Co.,* 176 Pa. Super. 276, 107 A.2d 191 (1954)

Each argument carries a ring of authenticity, but persuasiveness must attend analysis of what exactly is involved in the case before us.

Prior to its most recent amendment, MVFRL section 1722 prevented pleading and recovery of the first $10,000 limits in medical payments. It did not prevent the recovery of excess bills, whether paid or not.

Many cases dealing with insurance revolve around construction of either policy provisions or the applicable statute. Policy interpretation is inapplicable to this case. Statutory construction is relatively simple. By amending MVFRL, the legislature gave clear indication that a change was contemplated. The accident and accrual of plaintiffs' right to recover predated the amendment.

In an en banc decision, Superior Court struck down a statute which gave retroactive effect to abrogation of the right to bring an action for wrongful birth. 42 Pa.C.S. §8305. While acknowledging legislative power to abrogate causes of action, Superior Court held that the legislature cannot extinguish a cause that has already accrued. *Jenkins v. Hospital of Medical College,* 401 Pa. Super. 604, 585 A.2d 1091 (1991).

Superior Court has also recognized legislative policy against double recovery of benefits under automobile policies under both MVFRL and now repealed. No Fault Act, 40 P.S. §§ 1009.104, 201a. *Kosor v. Harleysville Mutual Insurance Co.,* 407 Pa. Super. 68, 595 A.2d 128 (1991) citing 75 Pa.C.S. 1717 and *Manolakis v. Transamerica Insurance Co.,* 396 Pa. Super. 256, 578 A.2d 503 (1990). Nonetheless, the court recognized that duplication was only proscribed, under No Fault, for (1) basic loss benefits and (2) where policies so provided. The court also recognized the difference between automobile and other types of insurance.[1]

If we dealt only with admissibility of evidence, defendant's argument would be slightly more persuasive. In fact, we deal with recovery of damages, a substantive right. Plaintiffs had the right to recover excess medical expenses prior to the amendment. The insurance company which paid those bills had the right to claim subrogation, bargain it away or forego it. That was a matter strictly between plaintiffs and their health plan carrier. Under the law as it existed when this action occurred, defendant could not claim the benefit of someone else's largess. This being a substantive right, the legislature was powerless to change it retrospectively.

We, therefore, hold that plaintiff is not precluded from recovery of excess medical bills.

Interestingly, our consideration of the helmet issue leads us to find that legislative changes are procedural and should be applied to the case before us.

---

1. "No one seriously contends that an individual may not obtain more than one policy of insurance on his life and that the designated beneficiaries would not be entitled to the proceeds in accordance with each contract of insurance." *Kosor* at 74, 595 A.2d at 131. Obviously, the same rationale can be applied to in our case.

Superior Court considered evidence of non-use of seat belts in *Grim v. Betz,* 372 Pa. Super. 614, 539 A.2d 1365 (1988). Until the time of that opinion, attempts to introduce failure to use seat belts met with mixed reactions in county courts. Superior Court did not dispositively settle the issue in *Parise v. Fehnel,* 267 Pa. Super. 79, 406 A.2d 345 (1979). That appellate body left definitive action for another day, holding only that, at the very least, expert testimony was needed to make the evidence relevant. When this condition was met, an en banc court in *Grim* applied 75 Pa.C.S. 4581, enacted November 23, 1987, to the case, even though the accident occurred May 26, 1983.[2]

Section 4581 declared inadmissible, in civil cases, evidence regarding the failure to use seat belts (restraint systems).

Prior to enactment of Act 20 of 1991, 75 Pa.C.S. §3510, the legislature required only motorcyclists to use helmets. Nothing was said about evidence in civil proceedings. 75 Pa.C.S. §3525. Act 20 now requires helmets for bicycle passengers five years old or younger. More importantly, it absolutely prohibits introduction of violations in a civil case.

Under the rationale expressed in *Grim,* it seems clear that had the minor been five or younger, evidence of helmet non-use would be inadmissible. We consider it anomalous to allow a jury to consider absence of helmet use for a 12 year old and not be allowed to consider it for a five year old.

There are differences between seat belts and helmets that argue for exclusion, even in the absence of the statute. However, we base our decision

2. "Moreover, it is well settled that an intervening change in the law must be applied to cases which are in the throes of direct appeal when the change occurs." *Grim* at 620, 539 A.2d at 1368.

solely on the legislative amendment. Applying, as directed by *Grim, supra,* legislative changes to this case, we hold that defendants may not introduce evidence concerning the failure to wear a helmet.

The attached order is entered.

## ORDER

And now, December 5, 1991, the court rules, in limine:

(1) Plaintiffs may recover medical bills in excess of $10,000.

(2) Defendant may not introduce evidence concerning minor plaintiffs'. failure to wear a helmet.