## O'Connell v. Clayton

C.P. of Delaware County, no. 91-15402.

*Norman L. Haase,* for plaintiff.
*Michael P. Dignazio,* for defendants.

BATTLE, *J.,* January 30, 1995—William O'Connell, plaintiff, has initiated action against Walter J. Clayton Jr. and Claymark Distribution Services Inc., defendants, for breach of contract, breach of fiduciary duty, and civil conspiracy. Mr. O'Connell is seeking compensatory and punitive damages. Mr. O'Connell has withdrawn his civil conspiracy claim.

Clayton and Claymark have filed a motion for partial judgment on the pleadings, necessitating this opinion.

Clayton and Claymark argue that Mr. O'Connell has failed to state a claim upon which relief can be granted.

"A motion for judgment on the pleadings is similar to a demurrer.... It may be entered where there are no disputed issues of fact and the moving party is entitled to [a] judgment as a matter of law.... In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents...." *Kosor v. Harleysville Mutual Insurance Co.,* 407 Pa. Super. 68, 71, 595 A.2d 128, 129 (1991). (citations omitted)

This court first considers defendants' motion for partial judgment on the pleadings on the breach of fiduciary duty claim. Pursuant to 15 Pa.C.S. §1717, the duty of the board of directors under section 1712 (relating to standard of care and justifiable reliance) is a duty owed solely to the business corporation and may be enforced directly by the corporation or may be enforced by a shareholder by an action in the right of the corporation, and may not be enforced by a shareholder in his own right or by any other person or group. 15 Pa.C.S. §1717.

In the case at bar, Mr. O'Connell correctly argues that defendants owe a fiduciary duty to the corporation and that this duty can be enforced by a shareholder's derivative action. See 15 Pa.C.S. §1717. The issue before this court is whether Mr. O'Connell has standing. Mr. O'Connell argues that his position as a recipient of royalties pursuant to a contract with Claymark Distribution, places him in the same legal position as would be a shareholder. Mr. O'Connell claims that Mr. Clayton, as a member of the board of directors of Claymark, breached a fiduciary duty owed Claymark. Specifically,

Mr. O'Connell alleges that defendants were wasteful, careless and negligent in their pursuit of the Wylers Big Squeeze product line pursuant to the license agreement with Thomas J. Lipton Co., so that Mr. O'Connell's proposed royalties were mismanaged and wasted. A shareholder is defined pursuant to 15 Pa.C.S. §1103:

"A record holder or record owner of shares of a corporation including a subscriber to shares. The terms when used in relation to the taking of corporate action, includes the proxy of a shareholder. If and to the extent the articles confer rights of shareholders upon holders of obligations of the corporation or governmental or other entities pursuant to any provision of this subpart or other provision of law, the term shall be construed to include these holders and governmental or other entities."

Here, it is clear that Mr. O'Connell has no ownership interest in Claymark Distribution Services Inc. Further, there are not any allegations that Claymark Distribution Services Inc.'s articles of incorporation confer upon a holder of an obligation any rights of a shareholder. Thus, there is no way for the court to find that Mr. O'Connell is a shareholder or has any rights of a shareholder. Because Mr. O'Connell is not a shareholder he has no standing to bring a claim for breach of fiduciary duty. Thus, plaintiff's claim for breach of fiduciary duty must be dismissed. Because plaintiff's claim of breach of fiduciary duty must be dismissed, this court must also find that punitive damages are not recoverable. The only count which remains in plaintiff's complaint is based on breach of contract. Punitive damages are unavailable in breach of contract actions. See *Reliance Universal Inc. v. Ernest Renda Contracting Co.,* 308 Pa. Super. 98, 107, 454 A.2d 39, 44 (1982).

## ORDER

And now, to wit, January 30, 1995, it is hereby ordered and decreed that defendants' motion for partial summary judgment is hereby granted and the claims for breach of fiduciary duty and punitive damages are dismissed.