Abbazio v. Nationwide Insurance Co.

C.P. of Monroe County, no. 4091 Civil 1996.

*John D. Nardone,* for plaintiff.
*Douglas R. Johnson,* for defendant.

O'BRIEN *J.,* October 24, 1996—On August 28, 1992, the plaintiff was involved in a motor vehicle accident in which she sustained various personal injuries. She commenced this action against the defendant insurance company, which had issued an automobile insurance policy in effect on the date of the accident, when the insurer failed to make payment of all of her medical expenses. Count I of plaintiff's complaint alleges a breach of contract on behalf of the defendant company and demands payment of all medical bills plus attorneys' fees and interest on the overdue benefits as authorized by the Pennsylvania Motor Vehicle Financial Responsibility Law. The second count of plaintiff's complaint seeks interest, attorneys' fees and punitive damages pursuant to provisions of the Judicial Code entitled "Actions on Insurance Policies." Following the close of the pleadings, defendant insurance carrier filed a motion for judgment on the pleadings, asking this court to dismiss all the plaintiff's claims for attorneys' fees and

Count II of the complaint. Following the submission of briefs and oral argument, defendant's motion is now before the court for disposition.

The Pennsylvania Rules of Civil Procedure provide in pertinent part as follows:

"Rule 1034. Motion for judgment on the pleadings

"(a) After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings."

The underlying purpose of a motion for judgment on the pleadings is to permit the court to conduct an overall examination of the legal sufficiency of the pleadings in order to determine if judgment should be entered prior to trial. *Bensalem Township School District v. Commonwealth,* 518 Pa. 581, 544 A.2d 1318 (1988); *Kosor v. Harleysville Mutual Insurance Co.,* 407 Pa. Super. 68, 595 A.2d 128 (1991).

Our standard of review in ruling upon a motion for judgment on the pleadings is identical to that exercised upon a demurrer: we are to determine whether, on the facts averred, the law says with certainty that no recovery is possible for the nonmoving party. *Id.* We are to grant such a motion only in those cases in which, upon the pleadings and documents properly attached, it appears that there are no material issues of fact, but, rather only a controlling question of law which is ripe for decision and, under such circumstances, a trial would be a fruitless exercise. *Id.; Keil v. Good,* 467 Pa. 317, 356 A.2d 768 (1976).

A review of the pleadings discloses the following averred procedural scenario in this dispute. After approval by a peer review organization, the defendant made payment of the initial medical bills submitted by the plaintiff. The plaintiff then notified the defendant

insurance carrier of an uninsured motorist claim on her policy. The defendant carrier then requested a second peer review evaluation of the subsequent medical bills submitted by the plaintiff. The defendant carrier refused to make payment of these subsequent medical bills because the peer review organization determined that the injuries treated were not causally related to the automobile accident. The arbitration of the uninsured motorist claim resulted in an award of $90,000 to the plaintiff against the defendant carrier. As of this date, the carrier has still not made payment of the medical bills allegedly resulting from the accident which occurred more than four years ago. Whether the conduct of the insurance carrier in failing to make payment of these claims constitutes bad faith is factually disputed at this point in the proceeding.

Defendant Nationwide Insurance Company contends that plaintiff's request for an award of attorneys' fees and punitive damages cannot be granted on the basis of the facts alleged in the complaint. Nationwide maintains that the failure to pay plaintiff's first party benefits, based upon its investigation, was neither in bad faith nor unreasonable but simply a "contractually and statutorily permissible investigation and consequent denial of benefits." Further, Nationwide contends that its denial of plaintiff's first party benefits was an "appropriate response" and, therefore, it is entitled to a partial judgment on the pleadings.

Plaintiff maintains that Nationwide acted unreasonably and in bad faith when it obtained the second peer review and then allegedly relied upon it in order to refuse payment of plaintiff's medical bills. Accordingly, plaintiff asserts that she is entitled to attorneys' fees pursuant to 75 Pa.C.S. §1716 and §1798 and punitive damages pursuant to 42 Pa.C.S. §8371.

The Pennsylvania Legislature has created a statutory remedy for bad faith on the part of insurers in 42 Pa.C.S. §8371 which became effective on July 1, 1990. The statute provides that:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent

"(2) Award punitive damages against the insurer

"(3) Assess court costs and attorney fees against the insurer."

Our Superior Court in *Terletsky v. Prudential Property & Casualty Insurance Co.,* 437 Pa. Super. 108, 649 A.2d 680 (1994), *appeal denied,* 540 Pa. 641, 659 A.2d 560 (1995) held that in order for a plaintiff to recover under section 8371, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. In that case, the court set forth the following statutory definition:

" 'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal is fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Id.* at 125, 649 A.2d at 688.

Applying the foregoing statutory definition to the facts alleged in plaintiff's complaint makes it apparent that the plaintiff has alleged a claim cognizable to 42 Pa.C.S. §8371. Indeed our esteemed colleague, the Honorable John Cottone, held in *Pierce v. State Farm Insurance Co.,* 27 D.&C.4th 464, 469 (1994) that "[t]he insurer may not use the PRO to determine whether or not the medical treatment was causally related to a particular accident." This is exactly what the defendant insurance carrier did in the case at bar. Therefore, there is no basis to grant the defendant judgment on the pleadings with respect to Count II of the complaint.

Section 1716 of the Motor Vehicle Financial Responsibility Law permits the recovery of attorney's fees in an action for first party benefits by an insured where the insurer has "acted in an unreasonable manner in refusing to pay the benefits when due." Additionally, section 1798(b) of the MVFRL provides that the insurer must pay attorney's fees when the insurer is found to have acted with no reasonable foundation in denying first party benefits. These sections of the MVFRL have been interpreted to mean that "only where an insurer's failure to pay constitutes an unreasonable act which is clearly contrary to the terms of the policy and to Pennsylvania law, will the insurer be responsible for paying the insured's reasonably incurred attorney's fees." *DeMichele v. Erie Insurance Exchange,* 385 Pa. Super. 634, 639, 561 A.2d 1271, 1274 (1989). The allegations of Count I of plaintiff's complaint, if found to be true by the trier of fact, could form a basis for the award of attorneys' fees under the MVFRL. Therefore, we conclude that the defendant insurance company is not entitled to judgment on the pleadings with respect to that aspect of Count I of the complaint.

## ORDER

And now, October 26, 1996, the motion of defendant Nationwide Insurance Company for judgment on the pleadings is denied.