## Rosegas, Inc. v. A Pocono Country Place Property Owners Ass'n

*Patricia A. Fecile-Moreland*, for plaintiffs.
*Joseph S. Wiesmeth*, for defendant.

ZULICK, *J.*, March 17, 2011—This case comes before the court on the motion for judgment on the pleadings of defendant A Pocono Country Place Property Owners Association, Inc. (the "association"). Plaintiffs Rosegas, Inc., Gaston Sterlin and Rosemary Sterlin (Rosegas) commenced this action on March 24, 2010 seeking compensatory and punitive damages as provided by the Pennsylvania Uniform Planned Community Act ("UPCA"). See 68 Pa.C.S.A. § 5412. They assert that the association violated § 5105 of the UPCA when it revoked their tenants' gate passes at the A Pocono Country Place planned residential community. The association filed an answer and new matter on June 21, 2010 and a motion for judgment on the pleadings on December 13, 2010. The parties submitted briefs and the matter was argued on February 7, 2011.

## DISCUSSION

Rule 1034 of the Pennsylvania Rules of Civil Procedure permits any party to move for judgment on the pleadings after the pleadings are closed and authorizes the court to enter such judgment or order as shall be proper on the pleadings. Pa.R.C.P. 1034.

A motion for judgment on the pleadings is similar to a demurrer, and may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Kosor v. Harleysville Mutual Insurance Co.*, 595 A.2d 128, 129 (Pa. Super. 1991) (citations omitted). In ruling on such a motion, the court must "confine its consideration to the pleadings and relevant documents." *Id.* (citation omitted) If a defendant moves

for judgment on the pleadings, the court will consider all of the pleadings in arriving at its decision. *Herman v. Stern*, 419 Pa. 272, 213 A.2d 594 (Pa. 1965).

Rosegas has brought claims for violation of the Uniform Planned Community Act in count I of the complaint, tortious interference with contractual relations in count II, and seeks punitive damages in count III. Rosegas owns a total of 30 units in the A Pocono Country Place community, 11 of which are improved with homes and 19 of which are vacant lots. Rosegas paid association dues on the 11 rental properties in 2008, but did not pay dues on the 19 unimproved lots. When Rosegas failed to pay dues on the 19 unimproved lots, the association found Rosegas to be a "member not in good standing" and revoked Rosegas' tenants' gate passes, even though Rosegas was paid in full on those properties. This required Rosegas' tenants to register each time that they entered the community. Rosegas argues that this inconvenience has resulted in their inability to retain and attract tenants, which has caused them to lose rental income and fall behind on property taxes for the undeveloped lots. The undeveloped lots are now scheduled for tax sale.

The association asserts that the Rosegas plaintiffs were properly determined to be members not in good standing pursuant to association bylaws and their rights to enter the community with a gate card were restricted as a result. The association further contends that § 5105 of the UPCA requiring that "each unit must be separately taxed and assessed," 68 Pa.C.S.A. § 5105(b), does not retroactively apply to the policy at issue, which was adopted by

resolution of the board in 1994, before the effective date the UPCA. Defendant's brief, page 5

The UPCA gives the association the power to adopt budgets, bylaws, rules and regulations:

§5302. Power of unit owners' association

(a) General rule. - Except as provided in subsection (b) and subject to the provisions of the declaration and the limitations of this subpart, the association, even if unincorporated, may:

(1) Adopt and amend bylaws, rules and regulations.

(2) Adopt and amend budgets for revenues, expenditures and reserves and collect assessments for common expenses from unit owners. 68 Pa. C.S.A. §5302.

The UPCA establishes the fiduciary obligation of the association board in making rules for the community in § 5303, which provides in part as follows:

§5303. Executive board members and officers

(a) Powers and fiduciary status.-(...) In the performance of their duties, the officers and members of the executive board shall stand in a fiduciary relation to the association and shall perform their duties, including duties as members of any committee of the board upon which they may serve, in good faith; in a manner they reasonably believe to be in the best interests of the association; and with care, including reasonable inquiry, skill and diligence as a person of ordinary prudence would use under similar circumstances. 68

Pa.C.S.A. §5303.

Pennsylvania courts review the actions of the board to determine if they acted "in good faith; in a manner they reasonably believe to be in the best interests of the association; and with care, including reasonable inquiry, skill and diligence as a person of ordinary prudence would use under similar circumstances." *Burgoyne v. Pinecrest Community Ass'n,* 924 A.2d 675, 683 (Pa. Super. 2007).

The Uniform Planned Community Act, 68 Pa. C.S.A. § 5105(b), requires that "each unit must be separately taxed and assessed." Rosegas concedes that they were delinquent on taxes for the 19 undeveloped lots they own, but argues that the association cannot lawfully extend delinquent status to the 11 improved lots for which dues were current. Complaint, page 2-3, ¶¶ 5-6.

### 1. *The UPCA Applies Retroactively to the Policy at Issue*

The association's board of directors (the "board") adopted a resolution establishing that a member's rights could be suspended for failure to pay assessments. Cf. answer and new matter, exhibit "A" (Article IV of bylaws attachment) (providing for revocation (versus suspension) of membership privileges (versus rights) for members not in good standing). The policy was adopted by the board at a December 10, 1994 meeting.

The resolution provides, in pertinent part:

Be it further resolved that the membership rights of any property owner whose account is past due may be suspended at any time at the discretion of the board

during the period that any installment, charge or dues and maintenance and/or other levies remain unpaid;

...

Now therefore, be it resolved that the association will enforce said by-laws with the following:

A. Any property owner not current on his dues and maintenance and/or levies shall not rent or lease his property to others.

B. A property owner and/or his rental agent shall submit a tenant registration form and the appropriate fees to the administration office of A Pocono Country Place Owners Association, Inc. at least one week prior to the date of said rental.

C. Failure to comply with the above requirements, will result in the following:

1. Tenant will be denied access into A Pocono Country Place.

2. Property owner(s) will be fined for violation of Tenant Policy. Answer and new matter, paragraph 59, exhibit "B", pages 3-4.

This resolution is not a bylaw as it was not properly adopted as such. See answer and new matter, exhibit "A" (Article XI of bylaws attachment)(requiring 2/3 vote of membership at annual meeting for adoption of bylaw amendment). Therefore, despite the fact that the resolution was adopted by the board before the effective date of the UPCA, since it was not adopted as a bylaw,

the UPCA applies retroactively to the policy at issue. See 68 Pa.C.S.A. § 5102(b) (excepting retroactive application of UPCA § 5105 and preserving validity of then-existing bylaws, but not rules).

The resolution has become part of the published rules and regulations of the association. See defendant's answer and new matter, exhibit "A" (rules and regulations attachment, sections 1 and 4).

### 2. Section 5105 does not Prevent the Association from Limiting Membership Rights of those Members not in Good Standing.

As Rosegas notes in its brief, "[t]he real issue before the court is whether or not Section 5105 of the uniform planned community act...applies to defendant." Plaintiffs' brief, page 4. For reasons discussed above, § 5105 applies retroactively to the policy at issue. However, § 5105 is not *implicated* by the policy at issue. Rosegas argues, in essence, that § 5105 of the UPCA prevents the association from limiting tenants' rights when dues for that property are paid in full, even if the owner of the property is not "a member in good standing" under the bylaws. Section 5105 provides:

§5105. Separate titles and taxation

(b) Taxation and assessment.— If there is a unit owner other than a declarant, *each unit must be separately taxed and assessed...* 15 Pa.C.S.A. §5105(b) (emphasis added).

Rosegas argues that this provision requires separate assessment of each unit's dues. Rosegas asserts that the

association's policy of treating a delinquent owner as a member not in good standing is flawed and a violation of § 5105(b) of the UPCA as to that owner's other fully paid units. They contend that non-payment of some units' dues should not result in the loss of membership privileges for an owner who has one or more other units paid in full. Specifically, Rosegas contends that where an owner has paid the dues owed on a particular lot, the tenant residing on that lot should receive full benefits of membership, even if the owner is not in good standing.

Rosegas also cites § 5105(a) to support its argument, which provides that:

(a.) Title.- Except as provided in subsection (b), each unit that has been created, together with the interests, benefits and burdens created by the declaration, including, without limitation, the rights to any common facilities, constitutes a separate parcel of real estate. 68 Pa. C.S.A. §5105 (a).

The association's bylaws define a member in good standing as "a member who is up to date on all financial obligations due to the association *on all units* owned by that member...." Answer and new matter, exhibit "A" bylaws, article III (emphasis added).

The association bylaws provide in article XII in part as follows:

ARTICLE XII- ENFORCEMENT OF GOVERNING DOCUMENTS, ETC.

Section 1- Compliance and sanctions

...any member shall automatically lose all privileges of membership for the period that the member remains not in good standing, and all persons present in the community, at the request or the consent of that member, shall likewise lose those privileges that would otherwise apply. Answer and new matter, exhibit A, bylaws, article XII, section 1.

The association's rules and regulations provide that:

VEHICULAR ACCESS TO PROPERTY

...(c) Authorized guests and tenants of members-in-good-standing shall be issued on their initial arrival to the community, an association "gate entrance pass" which must be displayed on dashboard at all times or such other identification device which is the associations' (sic) authorization permitting the...tenant vehicle to enter the community for...a tenant's term of tenancy. Answer and new matter, exhibit A. rules and regulations, section 1.

The association does not give a gate pass to tenants of a member who is not in good standing. Thus, if Rosegas paid full dues for all but one of its lots, it would not be a member in good standing under the bylaws of the community, because it would not be a member "up to date on all financial obligations due to the association." *Bylaws*, article III. Rosegas questions what benefit it receives from payment of dues on its rented properties if it will not be a member in good standing due to delinquencies on its other properties.

The association looks at the other side of the coin. If the

association is not able to restrict the membership rights of a delinquent owner due to the application of § 5105(b), what is to prevent Rosegas from only paying dues on one of its properties in order to obtain full membership rights? Or Rosegas could only pay dues on those properties it was able to rent. In either of these scenarios, the association would be required to provide full membership services to an owner who was seriously delinquent in the payment of dues on what could potentially be many lots.

While § 5105(b) requires the separate assessment of each unit, it does not take away the board's power to define the rights of a member not in good standing. To hold otherwise would eliminate a substantial incentive for owners to pay their dues, and would subject the association to the risk of insolvency. The court is aware of no cases interpreting § 5105(b) of the UPCA which prohibit the association's definition of a member in good standing.[1] Instead, Pennsylvania courts recognize the authority of homeowners associations to largely regulate themselves. See *Meadow Run and Mountain Lake Park Assoc. v. Berkel*, 598 A.2d 1024, 1026 (Pa. Super. 1991)

---

1. At this stage in the development of the UPCA, Pennsylvania courts have considered § 5105(b) of the UPCA only in the context of taxation disputes. See *Saw Creek Cmty. Ass'n, Inc. v. County of Pike*, 866 A.2d 260 (Pa. 2005); *Locust Lake Village Prop. Owners Ass'n, Inc. v. Monroe County Bd. of Assessment Appeals*, 940 A.2d 591 (Pa. Cmwlth. 2008); *Crystal Lake Private Park Assoc. v. Susquehanna County Bd. of Assessment Appeals*, 992 A.2d 982 (Pa. Cmwlth. 2008); *Hershey's Mill Homeowners Ass'n v. Chester County*, 862 A.2d 146 (Pa. Cmwlth. 2004); *Lake Naomi Club, Inc. v. Monroe County Bd. of Assessment Appeals*, 782 A.2d 1121(Pa. Cmwlth. 2001). Other states which have adopted the Uniform Planned Community Act have also limited considerations of section 5105(b) to tax assessment disputes. See *Sun City Summerlin Cmty. Ass'n. v. State By and Through Dept. of Taxation*, 944 P.2d 234 (Nev. 1997); *Inn Group Assoc. v. Booth*, 593 A.2d 49 (R.I. 1991).

(holding community associations "are analogous to mini-governments"); see also *Locust Lake Village Property Owners Ass'n v. Wengerd*, 899 A.2d 1193, 1199 (Pa. Cmwlth. 2006) (adopting Superior Court's characterization of community associations as "mini-governments").

Accordingly, plaintiffs have not stated a viable cause of action for violation of the UPCA in count I of the complaint. Furthermore, counts II (tortious interference with contractual relations) and III (punitive damages) are based on an underlying violation of the UPCA, which has not occurred here.

Rosegas mentions in its brief that the association's bylaws provide in article IV, section 2:

A. Member- The rights of members shall include:

1. The right of access to the unit(s) owned by that member over roads owned by the association; this right may not be revoked except by court order for proper cause.

However, no cause of action on this provision of the bylaws has been plead in the complaint, and it has not been briefed by the parties.

Judgment on the pleadings will therefore be granted as to all counts.

## ORDER

And now, March 17, 2011, upon consideration of the motion for judgment on the pleadings of defendant A Pocono Country Place Property Owners Assocation, Inc., and the parties' briefs and arguments, defendant's motion

374

is granted. Judgment is entered in favor of the defendant and against the plaintiffs.