483 A.2d 924

Thomas J. DUDASH

v.

PALMYRA BOROUGH AUTHORITY, Glace & Glace, Inc.,
Westland Industries, Inc. and Condor
Construction Company.

Appeal of GLACE & GLACE, INC.

Thomas J. DUDASH

v.

PALMYRA BOROUGH AUTHORITY.

GLACE & GLACE, INC.

v.

WESTLAND INDUSTRIES, INC. and Condor
Construction Company.

Appeal of WESTLAND INDUSTRIES, INC.

Thomas J. DUDASH

v.

PALMYRA BOROUGH AUTHORITY, Glace & Glace, Inc.,
Westland Industries, Inc. and Condor Contractors, Inc.

Appeal of GLACE & GLACE, INC.

Thomas DUDASH

v.

PALMYRA BOROUGH AUTHORITY.

GLACE & GLACE, INC.

v.

WESTLAND INDUSTRIES, INC. and Condor
Construction Company.

1

**Appeal of WESTLAND INDUSTRIES, INC.**

Superior Court of Pennsylvania.

Argued April 3, 1984.

Filed Oct. 26, 1984.

Richard A. Bausher, Reading, for appellant (at Nos. 229 and 275) and for appellee (at Nos. 238 and 280).

John B. Mancke, Harrisburg, for appellant (at Nos. 238 and 280) and for appellee (at Nos. 229 and 275).

Joel D. Smith, Lancaster, for Palmyra, appellee.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

These are appeals from the lower court's June 7, 1983 Order and June 27, 1983 amended Order entering judgment on the pleadings in appellee's favor and against appellants. We reverse.

On February 21, 1973, appellee Palmyra Borough Authority (Palmyra), a municipal authority, employed appellant Glace & Glace, Inc. (Glace) as a consulting engineer to prepare the plans and specifications for extensions to the sanitary sewage system in the Borough of Palmyra, Lebanon County, Pennsylvania. Pursuant to the employment agreement, Glace also agreed to be responsible for supervising the construction work. On March 2, 1977, Palmyra entered into a contract with appellant Westland Industries, Inc. (Westland), an independent contractor, for the construction of the extensions and additions. Under this agreement, Westland was permitted to award work to a subcontractor without Palmyra's written approval when the value of the work to be awarded was less than 50% of the contract price and also agreed to indemnify Palmyra for any losses or injuries caused by the negligence of Westland, its subcontractor or employees. On March 16, Westland, subcontracted part of the excavation and construction work to Condor Construction Co. (Condor), a sewage contractor.

On April 11, 1977, Thomas J. Dudash, a Condor employee, was injured when a sanitary sewer trench in which he was working collapsed. Dudash filed a December 1, 1978 trespass action against Palmyra and Glace, alleging their negli-

gence and that the construction site was under their control. In its April 20, 1979 answer, Palmyra asserted new matter and a cross-complaint against Glace, alleging that if Palmyra was found liable, then Glace was liable for breach of its contractual duty to supervise the construction work. Also, in April of 1979, Palmyra joined both Westland and Condor as additional defendants and filed a complaint in trespass and assumpsit against them. Upon Palmyra's motions, the lower court issued rules to show cause (1) on November 12, 1980, why partial summary judgment should not have been entered in Palmyra's favor and against Dudash; (2) on November 2, 1982, why judgment on the pleadings should not be entered in Palmyra's favor and against Westland; and (3) on November 5, 1982, why judgment on the pleadings should not be entered in favor of Palmyra and against Glace.

On June 7, 1983, the lower court, per Order and Opinion, directed the Prothonotary to enter (1) judgment in Palmyra's favor and against Dudash and (2) judgment on the pleadings in Palmyra's favor and against Westland and Glace. Glace and Westland appealed that order on June 28 and July 5, respectively. On June 20, 1983, Dudash filed a motion for reconsideration because Palmyra's motion had requested only a *partial* summary judgment against Dudash.

On June 27, 1983, the lower court issued an amended Order directing the Prothonotary to enter (1) *partial* summary judgment in Palmyra's favor and against Dudash on all claims made by Dudash against Palmyra arising under § 411 of the Restatement (Second) of Torts and (2) judgment on the pleadings in Palmyra's favor and against Westland and Glace. Glace and Westland filed timely appeals from the amended Order. Dudash, in turn, filed a motion to quash the appeals on the ground that the lower court's orders were interlocutory. All four appeals and the motion to quash are presently before this Court.

We must first determine whether the lower court's orders entering judgment on the pleadings in Palmyra's

favor and against Glace and Westland are final and appealable. An appeal may be taken as of right from any *final* order of a lower court. Pa.R.A.P. 341(a). A final order is usually one which ends the litigation or, alternatively, disposes of the entire case. *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978); *Praisner v. Stocker,* 313 Pa.Superior Ct. 332, 336–338, 459 A.2d 1255, 1258 (1983). An order is interlocutory and not final unless it effectively puts the litigant "out of court". *Praisner v. Stocker, supra.* "An order does not put 'a party out of court' unless it precludes proof of facts at trial, which if determined in favor of the pleader would provide him with a complete defense to the action." *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 463, 246 A.2d 353, 355 (1968). "In ascertaining whether an order is final, we will look beyond the technical effect of the order and apply practical considerations in light of the order's ramifications." *Freeze v. Donegal Mutual Ins. Co.,* 301 Pa.Superior Ct. 344, 447 A.2d 999 (1982).

Here, the entry of partial summary judgment in Palmyra's favor and against Dudash does not put Dudash "out of court" and therefore, in this respect, the amended order is interlocutory and nonappealable. *See Praisner v. Stocker, supra* (appeal will not lie from an order granting partial summary judgment). However, the entry of judgment on the pleadings in Palmyra's favor and against Westland and Glace does effectively put Westland and Glace "out of court" because it precludes them from ever receiving a favorable verdict in this case. Therefore, we hold that the lower court's order and amended order are final and appealable by Westland and Glace. Accordingly, the motion to quash is denied.

On the merits, appellants Westland and Glace contend that the entry of judgment on the pleadings in appellee Palmyra's favor was improper. They argue the following: In its original order, the lower court erroneously granted full summary judgment for Palmyra and against Dudash. Then, because the court believed Palmyra could not be liable on any theory, it also granted judgment on the

pleadings in Palmyra's favor and against Westland and Glace without considering any basis of liability on their part. When the court amended its order to grant only partial summary judgment against Dudash on § 411 claims, it failed to also amend the entry of judgment on the pleadings against Westland and Glace in consideration of Palmyra's possible liability under § 416 of the Restatement (Second) of Torts.

"Judgment on the pleadings is appropriate only where no material facts are in dispute." *Pennsylvania Association of State Mental Hospital Physicians, Inc. v. State Employees' Retirement Board*, 484 Pa. 313, 320 n. 11, 399 A.2d 93, 96 n. 11 (1979).

Under Pa.R.C.P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him.... Unlike a motion for summary judgment, the power of the court to enter a judgment on the pleadings is further circumscribed by the requirement that the court consider only the pleadings themselves and any documents properly attached thereto.

*Thomas Merton Center v. Rockwell International Corp.*, 280 Pa.Superior Ct. 213, 215–16, 421 A.2d 688, 689 (1980), *quoting Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 378, 224 A.2d 174, 178 (1966), *cert. denied*, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967) (footnote and citations omitted). *See also Keil v. Good*, 467 Pa. 317, 319, 356 A.2d 768, 769 (1976); *North Star Coal Co. v. Waverly Oil Works Co.*, 447 Pa. 241, 246, 288 A.2d 768, 771 (1972).

In the instant case, the lower court's rationale for granting judgment on the pleadings against Glace in the original Order was as follows:

The disposition of the Authority's [Palmyra's] motion for summary judgment against Dudash obviates the re-

quired analysis of the Authority's motion for judgment on the pleadings against Glace. In that we have determined that there can be no liability imposed on the Authority under the provisions of Chapter 15 of the Restatement (Second) of Torts (1965), and under the terms of the agreement between the Authority and Glace, dated February 21, 1973, Glace agreed to supervise the construction, there can be no liability on the part of the Authority and in favor of Glace. Likewise, it is unnecessary to determine the question of indemnity which the Authority claims Glace would be responsible for since we have determined that the Authority cannot be held liable for any damages for Dudash.

(Lower Court Opinion, June 7, 1983 at 11). Similarly, the lower court's rationale for granting judgment on the pleadings against Westland in the original Order was as follows:

Inasmuch as we have held that the Authority [Palmyra] cannot be held liable to Dudash we can perceive of no legal basis for retaining the Authority as a party in the proceeding under any theory. We have held that the Authority cannot be held liable for negligently causing injuries to Dudash, thus, there is no reason to maintain the Authority as a party in this proceeding. This issue Westland contends is open is whether the indemnification agreement requires Westland to indemnify the Authority for the Authority's own negligence. We do not suppose for a moment that Westland takes the position that the Authority was negligent in hiring Westland. Such a contention is neither pleaded nor argued. The reason is rather obvious, it is absurd.

(Lower Court Opinion, June 7, 1983 at 11–12). It is clear that, upon amendment of the Order to grant only partial summary judgment for Palmyra and against Dudash, the lower court's reasons for entering judgment on the pleadings against Westland and Glace no longer applied.* Al-

* The amended Order, entered June 27, 1983, was not accompanied by an opinion. Although Pa.R.A.P. 1925(a) requires that the judge who enters the order appealed from file a brief statement of reasons for the order if such reasons do not appear on record, we find it unnecessary to remand for such an opinion.

though Palmyra can no longer be held liable for Dudash's § 411 claims, it may still be liable for § 416 claims. Section 411 of the Restatement (Second) of Torts provides that:

An employer is subject to liability for physical harm *to third persons* caused by his failure to exercise reasonable care to employ a competent and careful contractor

(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

(b) to perform any duty which the employer owes to third persons.

Restatement (Second) of Torts § 411 (1965) (emphasis added). Here, the lower court held as a matter of law that there can be no recovery against Palmyra under § 411 because Dudash was an employee of subcontractor Condor and therefore not a "third person". (Lower Court Opinion, June 7, 1983 at 10). Section 416 of the Restatement provides that:

One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm *to others* unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, *even though the employer provided for such precautions in the contract* or otherwise.

Restatement (Second) of Torts § 416 (1965) (emphasis added). Section 416 was adopted by Pennsylvania in *Philadelphia Electric Company v. Julian,* 425 Pa. 217, 228 A.2d 669 (1967). Here, we note that § 416 liability may extend to any "others" and find that there was a possible basis of liability on Palmyra's part under § 416. *See Heath v. Huth Engineers, Inc.,* 279 Pa.Superior Ct. 90, 420 A.2d 758 (1980) (sewer authority found liable under § 416 for death of sewer construction contractor's employee who was killed when the trench in which he was working collapsed); *McDonough v. United States Steel Corp.,* 228 Pa.Superior Ct. 268, 324 A.2d 542 (1974) (steel company found liable for death of independent contractor's employee who was killed

when his earth-moving machine overturned because work posed peculiar risks for which special precautions should have been taken). In light of the above-emphasized language of § 416, the fact that Westland and Glace agreed to, respectively, indemnify Palmyra and supervise the construction work is not dispositive. *See McDonough v. United States Steel Corp., supra,* 228 Pa.Superior Ct. at 274 n. 4, 324 A.2d at 545 n. 4 ("Section [416] renders irrelevant contract provisions placing the responsibility for all necessary safety precautions on the independent contractor. Appellant's right of indemnity against contractor by virtue of a contract is not involved herein.").

Consequently, because Palmyra is still a party in these proceedings, we hold that entering judgment on the pleadings against Westland and Glace was error because unanswered questions regarding Glace's agreement to supervise and Westland's agreement to indemnify would still need to be resolved within the framework of Dudash's § 416 claims against Palmyra.

Accordingly, we reverse the lower court's amended Order and remand for proceedings consistent with this opinion.

Reversed and remanded.

Jurisdiction is not retained.