## Newhart v. McFadden

*Dennis A. DeEsch,* for plaintiffs.

*Anita F. Alberts,* for defendant Department of Health.

*Jeffrey L. Naftulin,* for defendant Strock.

*Robert G. Moffett,* for defendant Frable.

*Robert G. McFadden,* for defendant Bert Schoff Real Estate.

LUDWIG, *J.,* July 3, 1985—We granted the motion of defendant Bucks County Department of Health for judgment on pleadings. Plaintiffs' appeal was taken to the Superior Court.

Plaintiffs' admended complaint sets forth that plaintiffs acquired title to a residence in Springfield Township, Bucks County on February 29, 1980. The purchase price was $66,500. On May 16, 1974, the Bucks County Department of Health had issued a permit to construct an on-lot sewage disposal system at this home site. On July 18, 1975, the department issued a violation notice to the then owner of the property, stating that the septic system was not operating properly and requiring correction by August 8, 1975. Thereafter, the department is alleged to have failed to have taken action to assure that the violation was corrected. The amended complaint

avers, on these facts, that the department impliedly warranted the on-lot system to have been properly installed and functioning and, further, that plaintiffs relied on these alleged implied warranties when they purchased the property. A count in negligence is also alleged. Repair damages are claimed in the sum of $51,225. In addition to the Bucks County Department of Health, plaintiffs sued their sellers, the builder, the real estate salesman and the broker, the installer of the septic system, and the Veteran's Administration.

The Bucks County Department of Health filed an answer containing new matter, which asserts the affirmative defenses of the bar of the statute of limitations and the county's statutory immunity from suit. No reply to new matter was demanded or made, and the instant motion for judgment was filed and submitted to us, together with the parties' memoranda, pursuant to Bucks Co. R.C.P. 266.

In granting a motion for judgment on the pleadings under Pa. R.C.P. 1034, the court must find that there are no material facts in dispute and that the case is so free from doubt that a trial would be a fruitless exercise. Dudash v. Palmyra Borough Authority, 335 Pa. Super. 1, 483 A.2d 924 (1984). As with a demurrer, all of the opponent's well pleaded averments are viewed as true and only admitted facts may be considered adversely; the court's consideration is limited to the pleadings. Id.

We concluded that under the instant pleadings, the affirmative defenses raised were sufficient in law to defeat plaintiffs' action against the Department of Health.

The limitations period for actions founded on negligence is two years from the accrual of the cause of action, 42 Pa.C.S. §5524. Here, plaintiffs do not contest the running of the two-year period but as-

sert that they are entitled to the benefit of the four-year period of limitations that applies to breach of warranty actions, citing Salvador v. Atlantic Steel Boiler Company, 224 Pa. Super. 377, 307 A.2d 398 (1973), rev'd. on other grounds, 457 Pa. 24, 319 A.2d 903 (1974). They also contend that the cause of action for breach of warranty did not arise until April of 1980 when they discovered that the septic system malfunctioned.[1]

Although plaintiffs' pleadings couch one of the causes of action as a "breach of implied warranty," that theory of liability is not supported by the facts alleged.[2] Warranties occur as a part of sales and are made by manufacturers, suppliers, and sellers, not

---

1. Plaintiffs' brief states that these discovery facts are pleaded, but we are unable to locate the allegations. This action, moreover, has an unusual procedural history. It was begun by summons issued on February 27, 1984. On April 13, 1984, upon petition by the Veteran's Administration, it was removed to the United States District Court for the Eastern District of Pennsylvania. In the meantime, plaintiffs having been ruled to file a complaint in this court and having not done so, a judgment of non pros., upon praecipe, was entered on May 2, 1984. On May 7, 1984, in Federal Court, plaintiffs discontinued the action against the Veteran's Administration and on May 24, 1984 filed a complaint. On August 3, 1984, the action was remanded to this court because, without the Veteran's Administration as a party, the Federal Court lacked jurisdiction. Plaintiffs' amended complaint was filed here on November 8, 1984. In light of the result reached in this opinion, we do not need to determine the effect of the non pros. on the tolling of the statute of limitations by the writ of summons.

2. The amended complaint correctly alleges that under the Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, as amended, 35 P.S. §750.1 et seq., a County Department of Health has a duty to issue permits for sewage systems. If the system is approved improperly, the act provides the basis for a negligence action.

by governmental agencies as issuers of official permits. In Pennsylvania, the implied warranty of habitability and fitness extends to the purchase of a new home. Elderkin v. Gaster, 447 Pa. 118, 288 A.2d 771 (1972); Schoenenberger v. Hayman, 77 Pa. Commw. 411, 465 A.2d 1335 (1983). The two cases cited by plaintiffs in which municipalities were held liable for approving faulty septic systems proceeded on negligence theories against the municipality and breach of warranty against the builder. Gadbois v. Leb-Co. Builders, Inc., 312 Pa. Super. 144, 458 A.2d 555 (1983); and Schoenenberger, supra.

Moreover, the limitations issue decided in Salvador, a products liability case, was re-examined by the Superior Court, after reversal by the Supreme Court brought about the abolition of horizontal privity. In the latter decision, the Superior Court affirmed the trial court's application of the two-year period for negligence actions and the grant of summary judgment for defendants. Salvador v. Atlantic Steel Boiler Company, 256 Pa. Super. 330, 389 A.2d 1148 (1978). The same type of analysis, eliminating the fiction of breach of warranty put forth in plaintiffs' allegations, is pertinent to the present case.

If plaintiffs' action is not barred by the running of the statute of limitations, then it is precluded by the defense of governmental immunity.[3] Plaintiffs' argument that the immunization provisions of 42 Pa.

---

3. Because of the applicability of at least one of these affirmative defenses, we have found it unnecessary to decide which of several possible dates the alleged cause of action arose. See, e.g., Rufo v. Bastian-Blessing Co., 417 Pa. 107, 207 A.2d 823 (1965); Salvador v. Atlantic Steel Boiler Co. (II), supra.

C.S. §8542(b)(G) are inapplicable is without merit.[4] Their action against a department of the county does not come within any of the enumerated exceptions. Gadbois and Schoenenberger, cited by plaintiffs as illustration of non-immunization, are not in point inasmuch as the immunity defense was not viable in those cases.[5]

In Turner v. Martz, 42 Pa. Commw. 328, 401 A.2d 585 (1979), a suit based on the negligent issuance of a permit to install an on-site sewerage disposal system, the opinion noted that governmental immunity from tort liability had been abrogated by the Supreme Court in 1973. Thereafter, in 1978, postdating the facts in Turner, the legislature enacted the immunity law, which was upheld by the Supreme Court, Carroll v. County of York, 496 Pa. 363, 437 A.2d 394 (1981). That act applies to any cause of action against a political subdivision that arose after its effective date. If, as plaintiffs contend, their cause of action arose within the four-year limitations period prior to the institution of this action, it cannot withstand the properly raised immunity defense.

---

4. The Political Subdivision Tort Claims Act of November 26, 1978, P.L. 1399, 53 P.S. §§5311.101-5311.803, repealed by section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043. These provisions are now found in §§8541-8564 of the Judicial Code, 42 Pa. C.S. §§8541-8564.

5. The causes of action based on the alleged negligence of the municipalities predated the enactment of the Political Subdivision Tort Claims Act, supra, and postdated the Supreme Court's abrogation of governmental immunity in Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (1973).