626 A.2d 584

**Gerald STEINER, Appellant,**

v.

**BELL OF PENNSYLVANIA.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1992.

Filed June 10, 1993.

Charles J. Klitch, Philadelphia, for appellant.

Before McEWEN, CIRILLO and BECK, JJ.

CIRILLO, Judge.

This is an appeal from an order of the Court of Common Pleas of Philadelphia County granting Bell of Pennsylvania's (Bell) motion for judgment on the pleadings. We affirm.

Appellant Gerald Steiner initiated this suit to recover damages he allegedly sustained when he fell from a ladder during his employment as a line man with Danella Line Services (Danella). Danella was in the business of installing, erecting, maintaining and repairing overhead wires. Bell employed Danella as an independent contractor to install, maintain and repair telephone lines. Steiner was injured on August 1, 1989.[1]

In his complaint, Steiner alleged that his injuries were caused by Danella's negligence. Steiner further alleged that "The work of Danella for Bell presented a peculiar risk of harm to to employees such as [Steiner] unless special precautions were taken in that the work of Danella includes employees working high off the ground on and about utility poles[,]" and that "Bell should have recognized that the work of Danella was likely to create a peculiar risk of physical harm to others including [Steiner] unless special precautions were taken."

In its answer, Bell specifically denied that "the work of Danella for Bell presented a peculiar risk of harm to employees such as [Steiner]." Bell averred that "the work performed by [Steiner] did not involve any type of risk which could have been considered different from the usual and ordinary risk associated with the general type of work done." Bell also specifically denied that it should have recognized that the work of Danella, absent special precautions, was "likely to create a peculiar risk of physical harm to others including [Steiner]." In new matter, Bell averred the following: that Steiner assumed the risk of any and all injuries; that Steiner's claim was barred or reduced in accordance with the Pennsylvania Comparative Negligence Act; that Steiner's injuries were caused by his own negligence; and that Steiner's claim was barred by the statute of limitations.

When reviewing a trial court's decision granting a motion for judgment on the pleadings, the appellate court's

---

1. Steiner's attorney filed of record a suggestion of death, noting that Steiner died on November 23, 1990.

scope of review is plenary. The appellate court will apply the same standard employed by the trial court: A trial court must confine its consideration to the pleadings and relevant documents.[2] The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. *Koser v. Harleysville Mutual Insurance Co.*, 407 Pa.Super. 68, 595 A.2d 128 (1991). Further, the court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial could clearly be a fruitless exercise. *Jones v. Travelers Insurance Co.*, 356 Pa.Super. 213, 215–16, 514 A.2d 576, 578 (1986); *Dudash v. Palmyra Borough Authority*, 335 Pa.Super. 1, 7, 483 A.2d 924, 927 (1984).

The established law in Pennsylvania provides that an employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants. *Hader v. Coplay Cement Co*, 410 Pa. 139, 150, 189 A.2d 271, 277 (1963); *Ortiz v. Ra–El Development Corp.*, 365 Pa.Super. 48, 52, 528 A.2d 1355, 1357 (1987), *alloc. denied*, 517 Pa. 608, 536 A.2d 1332 (1987). *See also* Restatement (Second) of Torts, §§ 416, 427. One exception to this rule provides that an employer may be liable for the negligence of its employee/independent contractor where the work to be performed by the independent contractor involves a special danger or peculiar risk.[3] In *Ortiz, supra,* Judge Beck aptly articulated the rationale underlying the exception to the general rule of nonliability:

> [A]n employer of the independent contractor ought to anticipate a heightened level of risk where the work is specially

---

2. The pleadings in an action are limited to "a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto." Pa.R.C.P. 1017.

3. The terms "special danger" or "peculiar risk" are used interchangeably. *See* Prosser, The Law of Torts § 71, n. 44 (5th ed. 1984). *See also Ortiz*, 365 Pa.Super. at 52 n. 2, 528 A.2d at 1357 n. 2.

dangerous or peculiarly risky. It is reasonable for the employer to take precautions or cause the independent contractor to take precautions to minimize the possibility of injury to others. After all, it is the employer who primarily benefits from the [independent] contractor's work and the employer who selects the independent contractor. Furthermore, the employer is in a position to make the selection of the independent contractor based on competency. The employer also may demand indemnity from the contractor. Finally, the employer, anticipating the risk, can purchase insurance to cover it.

*Id.* at 52, 528 A.2d at 1357–58. The *Ortiz* court provided a workable test to determine whether there exists a special danger or peculiar risk. A special danger or peculiar risk exists where: (1) the risk is foreseeable to the employer of the independent contractor, "i.e., a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; *and* (2) the risk is different from the usual and ordinary risk associated with the general type of work done, i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary." *Id.* at 53, 528 A.2d at 1358.

■ Our review, as stated above, is limited to the pleadings. The pleadings here consist of a complaint, an answer, and new matter. Where, as here, the defendant is moving for judgment on the pleadings, the averments in its answer must be ignored and the factual allegations in the plaintiff's complaint must be taken as true. *Evans v. Marks,* 421 Pa. 146, 218 A.2d 802 (1966).

■ Accepting as true all well pleaded facts in Steiner's complaint, we find that the trial court did not err in granting Bell's motion for judgment on the pleadings. Steiner has merely averred in his complaint that the doctrine of special danger or peculiar risk applies to create potential liability in Bell because the "the work of Danella includes employees working high off the ground and on and about utility poles." Complaint, ¶ 5. Steiner has failed to allege any facts which

would establish, or from which it could be inferred, that the overhead wire work which Danella was employed by Bell to perform was "substantially" out of the ordinary risk involved in overhead line work. Working high above the ground and on and about utility poles is normally contemplated in this type of work. The risk of falling from a ladder while high up on a utility pole, *see* Complaint, ¶¶ 6, 10–14, is an ordinary risk associated with the installation, maintenance and repair of overhead wires. Like "industries such as construction where almost every job task involves the potential for injury unless ordinary care is exercised," peculiar risk situation in overhead line work "should be viewed very narrowly[.]" *Ortiz,* 365 Pa.Super. at 55, 528 A.2d at 1359. *Cf. Lorah v. Luppold Roofing Co., Inc.,* 424 Pa.Super. 439, 445, 622 A.2d 1383, 1386 (1993) ("the tenor of our law is that the violation of safety conditions alone cannot be the basis for finding that the Peculiar Risk Doctrine applies[;]" these allegations alone could not survive a summary judgment motion); *accord Peffer v. Penn 21 Associates,* 406 Pa.Super. 460, 594 A.2d 711 (1991) (violation of safety conditions alone is no basis for finding exception to general rule of non-liability of employers of independent contractors).

▪ We conclude that Steiner has failed to aver the "material facts" on which the alleged cause of action against Bell is based. *See* Pa.R.C.P. 1019(a). Where no relevant issues of fact are raised, the trial becomes an expensive, unnecessary and fruitless exercise, and such cases are appropriate for judgment on the pleadings. *DiAndrea v. Reliance Savings & Loan,* 310 Pa.Super. 537, 456 A.2d 1066 (1983).

Order affirmed.

McEWEN, J., files a Dissenting Opinion.

McEWEN, Judge, dissenting.

Since the author of the majority Opinion embraces the benchmark principles established in *Ortiz v. Ra–El Development Corp.,* 365 Pa.Super. 48, 528 A.2d 1355 (1987), *allo. denied Ortiz v. Ra–El Development Corp.,* 517 Pa. 608, 536 A.2d 1332 (1987), as pronounced by our colleague upon this

panel, it behooves mention at the outset that I, too, clasp closely those basic rules. It is the application of those rules to the instant complaint and the resulting judgment on the pleadings that triggers my disagreement.

It has long been a general principle that the employer of an independent contractor is not liable for the physical harm caused to another by an act or omission of the contractor, in this case Danella Line Services. Restatement (Second) of Torts § 409. The Restatement provides in Sections 416 and 427 for exceptions to this general principle when the work poses a "peculiar risk" or a "special danger". Both the general principle and the exceptions recited by the Restatement have become well-settled law in Pennsylvania, and our esteemed colleague, Judge Phyllis W. Beck, defined those exceptions in precise and certain terms when she declared for this Court that a "special danger" or "peculiar risk" exists where:

> the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, *i.e.*, a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; and

> the risk is different from the usual and ordinary risk associated with the general type of work done, *i.e.*, the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary.

*Ortiz v. Ra–El Development Corp., supra* at 53, 528 A.2d at 1358.

It is undisputed that appellant was an employee of Danella Line Services and that Bell contracted with Danella Line Services to perform line work. It was during the course of that employment that appellant asserts he "was caused to fall from a ladder while high up on a utility pole". Appellant asserts in his complaint that the work was hazardous and dangerous and that Bell should have realized that the nature of the work created "a *peculiar risk* of physical harm".

Simply put, appellant asserted in the complaint that the work he was called upon to perform involved a "peculiar risk"

and I am unwilling to dismiss his suit because he did not also plead that the "peculiar risk" was " 'substantially' out of the ordinary risk". The case had proceeded only through the pleading stage and discovery had not yet commenced when the trial court granted judgment on the pleadings. However usual and ordinary Bell may have viewed the risk associated with the line work for which it hired Danella, or however usual and ordinary the risk of a fall from a ladder in the usual tasks of line work, there was no evidence that enables a judicial conclusion that the particular task which appellant was performing at the time of his fall did not involve the "peculiar risk" which the law requires and appellant pleaded. I simply cannot assume that the work being performed by appellant was the routine effort of a lineman and did not involve, in view of his assertion in the complaint that the work involved a "peculiar risk", a "substantially out-of-the-ordinary risk". It may well be that discovery will disclose that the assignment and the duties of appellant at the time of the accident were of the general type of work of a lineman, thereby posing the ordinary risks associated with the job of lineman, but appellant should not, in my view, be foreclosed from an evidentiary demonstration that the task involved circumstances so out of the ordinary that it posed "a peculiar risk of physical harm".