## Richardson v. Ritter

*Barbara Balling Carl,* for plaintiff.
*Edmond R. Joyal Jr.,* for defendant.

SOLOMON, *J.,* November 20, 1996—Before the court is the motion of the defendant, John G. Ritter, for judgment on the pleadings, made pursuant to Rule 1034 of the Pennsylvania Rules of Civil Procedure, contending that Counts II and III of plaintiffs' amended complaint fail to state causes of action and that there is no genuine issue as to any material fact.

## STATEMENT OF THE CASE

The plaintiffs, Ruth V. Richardson, Ruth Ann Richardson, as parent and natural guardian of Marcus McCants and William Douglas, minors, and Ruth Ann Richardson, in her own right, filed the instant lawsuit alleging, inter alia, that the defendant acted negligently with regard to a motor vehicle accident that occurred on January 12, 1993. Counts II and III of plaintiffs' amended complaint, brought by Ruth V. Richardson, allege negligent infliction of emotional distress.

In Count II, the plaintiff alleges that she is the grandmother of both Marcus McCants and William Douglas and that the children reside in her home. Count II also

554

alleges that as a result of an accident the defendant negligently caused, Douglas was ejected from her vehicle and that McCants was thrown about her vehicle, and that each sustained physical injuries. In addition, the plaintiff alleges that these events occurred in her presence and that she witnessed the impact to and the injuries sustained by her grandsons.

In Count III, the plaintiff alleges that she had a "close, personal relationship" with Ody Hickey, and that she lived with him for many years. She further alleges that she witnessed Hickey being violently ejected from her vehicle, sustaining injuries which eventually led to his death, all due to the defendant's negligence. Plaintiff additionally alleges in both Counts II and III that she subsequently sustained various physical injuries, major depression and post-traumatic stress disorder.

The defendant, in his answer and new matter, denied any breach of duty to the plaintiffs and alleged that the plaintiffs' negligence contributed to the accident. Thereafter, the defendant filed the motion for judgment on the pleadings and oral argument was held.

## DISCUSSION

A motion for judgment on the pleadings is in the nature of a demurrer. Thus, a judgment on the pleadings may only be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa. Super. 267, 476 A.2d 1322 (1984). In determining whether there is a dispute as to the facts, the court must confine its consideration to the pleadings and relevant documents. *DiAndrea v. Reliance Savings & Loan Association,* 310 Pa. Super. 537, 456 A.2d 1066 (1983). Additionally, the court must accept as true all well pleaded statements of fact, admissions,

and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which are specifically admitted. *Steiner v. Bell of Pennsylvania,* 426 Pa. Super. 84, 626 A.2d 584 (1993). Further, the court may grant judgment on the pleadings only where the moving party's right to success is certain and the case is so free from doubt that trial would clearly be a fruitless exercise. *Jones v. Travelers Insurance Co.,* 356 Pa. Super. 213, 514 A.2d 576 (1986).

In Pennsylvania, the seminal case on negligent infliction of emotional distress is *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979). In order for a plaintiff to recover under *Sinn* and the line of cases which follow, the plaintiff's injuries must be foreseeable. Thus, in order to maintain a claim for negligent infliction of emotional distress, the following three-part test must be applied:

"(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Id.* at 170-71, 404 A.2d at 685. Keeping in mind the determinative factors set forth in *Sinn* as to whether the injury to the plaintiffs was reasonably foreseeable, we turn to instant defendant's contention that Counts II and III of plaintiffs' amended complaint fail to state a cause of action.

Turning first to Count III, it is the contention of the defendant that the plaintiff fails to satisfy the third

prong of the *Sinn* test as it has recently been interpreted and applied. Specifically, the defendant argues that the plaintiff's allegation that she had a "close, personal relationship" with Hickey, living with him for many years, is of no consequence given the holding of *Blanyar v. Pagnotti Enterprises Inc.,* 451 Pa. Super. 269, 679 A.2d 790 (1996), which substantially limited bystander recovery.

In *Blanyar,* a case of first impression, the Pennsylvania Superior Court opted to narrowly construe the third factor of the *Sinn* test limiting recovery only to a defined class of bystanders, that is, to *"members of the injured person's immediate family." Blanyar,* 451 Pa. Super. at 273, 679 A.2d at 791. (emphasis added) In doing so, the court stated that "[i]ndeed, our Supreme Court suggested in *Sinn v. Burd* that only claims by members of the victim's immediate family were considered to be within the third prong of the test." *Id.* at 272, 679 A.2d at 791.

Instantly, upon the pleadings, it is clear that the victim was not a member of the plaintiff's immediate family. Thus, the plaintiff has failed to state a cause of action with regard to Count III of her amended complaint and as such, it must be dismissed.

As to Count II of the amended complaint, which count alleges that the plaintiff suffered emotional distress after witnessing her grandchildren sustain physical injuries, the defendant first contends that this count is insufficient in that the plaintiff has failed to allege that she witnessed contemporaneously the injuries to her grandchildren. With regard to this argument, our analysis must focus on whether the plaintiff's shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of

the accident, as contrasted with learning of the accident from others after its occurrence. *Sinn v. Burd, supra.*

In her amended complaint, the plaintiff alleges that the injuries to her grandchildren occurred in her presence and that she witnessed the impact to and injuries sustained by her grandsons. Such allegations are sufficient to raise a dispute as to the facts and to indicate that the defendant is not entitled to judgment as a matter of law.

The second issue raised with regard to Count II is that plaintiff again fails to meet the relationship requirement of *Blanyar, supra.* We find little merit to this contention. Although the *Blanyar* court did not pen a list of those who are to be defined as "immediate family," it seems clear that a grandparent who resides with her grandchildren falls within that definition.

We note that the *Blanyar* court has suggested that immediate family is to be interpreted as at least parents, siblings, children and grandparents of the victim and possibly other relatives if they reside in the same household of the victim. *Id.* at 275, 679 A.2d at 793-94. Therefore, we cannot determine that, as a matter of law, the plaintiff has failed to state a cause of action.

The plaintiffs have raised the issue of timeliness with regard to the filing of the motion for judgment on the pleadings. Although we are concerned with the timeliness of the motion, since this matter has been disposed of before the next scheduled term of court, timeliness is no longer at issue.

Accordingly, we will enter the following order.

## ORDER

And now, November 20, 1996, it is hereby ordered and directed that the defendant's motion for judgment

on the pleadings is granted in part and denied in part. The defendant's motion for judgment on the pleadings as to Count III is ordered granted and said count is dismissed. The defendant's motion for judgment on the pleadings as to Count II is ordered denied.