J. S02002/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| STONECREST ACQUISITIONS, LLC | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAYEN HALL, | : | No. 2077 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order, June 22, 2016,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 001560-12

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MOULTON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 21, 2017**

Dayen Hall appeals the order of the Court of Common Pleas of Philadelphia County that granted the motion for judgment on the pleadings of Stonecrest Acquisitions, LLC ("appellee") and ordered appellee to take immediate possession of the property located at 2222 Greenwich Street, Philadelphia, Pennsylvania 19146 ("the Property").

The procedural history, as recounted by the trial court, is as follows:

> On December 17, 2015, [a]ppellee initiated this action by filing a Complaint in Ejectment against John Does No. 1 to 3 with regard to the property located at 2222 Greenwich Street in the City of Philadelphia.[1]  On January 5, 2016, [appellant] filed an Answer to the Complaint.  On February 22,

---

[1] In the complaint, appellee indicated that it was the legal and record owner of the Property and that appellant had been occupying the Property for an indeterminate period of time without any legal or equitable right to do so and without appellee's permission.

2016, [appellee] filed Preliminary Objections to [appellant's] Answer, which this Court sustained on March 21, 2016 and further directed [appellant] to file an Answer comporting with the Pennsylvania Rules of Civil Procedure. On April 12, 2016, [appellee] filed an Amended Answer to the Complaint.[2] On April 22, 2016, [appellee] filed Preliminary Objections to [appellant's] Amended Answer. On May 17, 2016, this Court overruled the Preliminary Objections without prejudice to raise the issues in a motion for judgment seeking possession of the property.

On May 31, 2016, [appellee] filed a Motion for Judgment on the Pleadings, to which **no response was filed**. On June 23, 2016, this Court granted [appellee] judgment in possession of the property located at 2222 Greenwich Street in the City of Philadelphia, with the caveat that no writ of execution could be issued until [appellant's] name was substituted upon the docket, in accordance with the Pennsylvania Rule of Civil Procedure 410. On June 27, 2016, [appellee] filed a Praecipe to Substitute John Does No. 1 to 3 with [appellant] and, on June 28, 2016 [appellee] filed a Praecipe for Writ of Possession. On June 29, 2016, [appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania.

Trial court opinion, 8/23/16 at 1-2 (emphasis in original).

Appellant raises the following issue before this court:

[D]id the court err as a matter of law in holding a summary judgment, the case was supposed to be heard by the judge in January 2017 since the ongoing debates over who has legal rights and that Pennsylvania not recognize [appellee's] claim of property this matter should not be determent [sic]

---

[2] In the answer, appellant claimed negligence, asserted that appellee was partially responsible, and claimed that he had paid $88,500 to Bank of America. Bank of America held the mortgage at one time.

> by default because true ownership is the [appellant][?]

Appellant's brief at 1.[3]

> [Appellate review of an order granting a motion for judgment on the pleadings] is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. Further, the court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

> ***Steiner v. Bell of Pennsylvania***, 426 Pa.Super. 84, 87-88, 626 A.2d 584, 586 (1993). (Citations and footnote omitted). We must determine if the trial court's action was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. ***Kelly v. Nationwide Insurance Company***, 414 Pa.Super. 6, 10, 606 A.2d 470, 471 (1992).

***Kafando v. State Farm Mut. Auto. Ins. Co.***, 704 A.2d 675, 676 (Pa.Super. 1998).

---

[3] Appellant's brief contains no page numbers. For the ease of our discussion, we have assigned each page a corresponding number.

A motion for judgment on the pleadings is governed by Pa.R.Civ.P. 1034, which provides:

> (a)    After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.
>
> (b)    The court shall enter such judgment or order as shall be proper on the pleadings.

Pa.R.Civ.P. 1034.

> The plaintiffs' burden in an action in ejectment at law is clear:  they must establish the right to immediate exclusive possession.  Recovery can be had only on the strength of their own title, not the weakness of defendant's title.  The crux of an ejectment action, therefore, rests with the plaintiffs' ability to identify, by a preponderance of the evidence, the boundaries of a parcel of land to which they are out of possession but for which they maintain paramount title.

**Doman v. Brogan**, 592 A.2d 104, 108 (Pa.Super. 1991) (citations omitted).

Here, the trial court determined that appellee set forth in its complaint that appellee acquired the Property from Bank of New York Mellon, that appellee was in possession of the recorded deed, and that appellant remained on the property without the authority or permission of appellee. The trial court further determined that appellant's amended answer did not set forth any admissions or denials but provided a series of documents which apparently attempted to challenge the original mortgage foreclosure action. A review of the record confirms the trial court's assessment.

In his brief, appellant again focuses on his prior dealings with his lender rather than whether appellee met its burden for ejectment and judgment on the pleadings. He appears to argue that his lender engaged in fraudulent foreclosures and that the Philadelphia Sheriff's Department was involved in this corruption. He argues that appellee's fight is not with him but with loan servicer Bank of America and its inconsistent and fraudulent practices. He also argues that his debt has been legally settled. A party is barred from using an ejectment action to challenge the propriety of the underlying foreclosure matter. *Fed. Nat'l Mortgage Ass'n v. Citiano*, 834 A.2d 645, 647 (Pa.Super. 2003).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2017