J. A18017/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

FERNANDO MELENDEZ,                    :    IN THE SUPERIOR COURT OF
AS ADMINISTRATOR OF THE ESTATE    :         PENNSYLVANIA
OF DAMARIS REYES, DECEASED,          :
                                                          :
                    Appellant              :
                                                          :
             v.                                          :
                                                          :
THE GOOD SAMARITAN HOSPITAL OF  :
LEBANON, PENNSYLVANIA;               :         No. 1496 MDA 2015
LEBANON EMERGENCY PHYSICIANS;  :
THE GOOD SAMARITAN HOSPITAL      :


Appeal from the Order Entered August 3, 2015,
in the Court of Common Pleas of Lebanon County
Civil Division at No. 2014-01221


BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:                    **FILED MAY 08, 2017**

        Fernando Melendez, as Administrator of the Estate of Damaris Reyes,

Deceased, appeals the order of the Court of Common Pleas of Lebanon

County that granted the motion for judgment on the pleadings of The Good

Samaritan Hospital of Lebanon, Pennsylvania, and Lebanon Emergency

Physicians, and The Good Samaritan Hospital.  We reverse.

        The facts as recounted by the trial court are as follows:

                Damaris Reyes visited the emergency room at
                Good Samaritan Hospital on July 25, 2012 because
                she was experiencing vomiting, diarrhea, shortness
                of breath, headaches and back pain.  About four

---

* Former Justice specially assigned to the Superior Court.

> hours after arriving at the hospital, Ms. Reyes was pronounced dead. According to [appellant], her death was a direct result of doctors' failure to timely recognize and treat septic shock, among other things.
>
> On July 3, 2014, [appellant] filed a Complaint, accompanied by the required certificates of merit, alleging corporate negligence and vicarious liability seeking both wrongful death and survival damages against Good Samaritan Hospital and Lebanon Emergency Physicians (collectively [appellees]). The Complaint was returned to [appellant] on the same day for reasons unknown, and the following notation was entered on the docket: "ATTORNEY SERVICE, NOTATION FOR THE RECORD."
>
> [Appellant] believes that one of its staff members mistakenly attempted service via a private process server. During the period of time that [appellant] believed service was being attempted, the staff member left the employ of [appellant]. When [appellant] became aware of [the] error, he reinstated the Complaint on August 6th; the Lebanon County Sheriff properly effectuated service on the 11th.
>
> [Appellees] seek judgment on the pleadings, arguing that [appellant's] claim is barred by the statute of limitations. [Appellant] acknowledges that service of the Complaint occurred beyond the deadline date. However, [appellant] believes that extenuating circumstances should be considered by this Court.

Trial court opinion, 8/4/15 at 2-3.

By order dated August 3, 2015, the trial court granted the motion for judgment on the pleadings.

Appellant appealed to this court and raises the following issue for review:

- 2 -

Whether the Trial Court erred in granting the [appellees'] Motion for Judgment on the Pleading [sic] on the basis of defective service where the [appellant] successfully effectuated service on [appellees] in accordance with the Rules of Civil Procedure and Lebanon County local practice thirty-nine (39) days after the original filing of the Complaint and within thirty (30) days of the expiration of the Statute of Limitations, and where [appellees] suffered no prejudice as a result of the nine (9) day delay in service?

Appellant's brief at 5.

[Appellate review of an order granting a motion for judgment on the pleadings] is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. Further, the court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

*Steiner v. Bell of Pennsylvania*, 426 Pa.Super. 84, 87-88, 626 A.2d 584, 586 (1993). (Citations and footnote omitted). We must determine if the trial court's action was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. *Kelly v. Nationwide Insurance Company*, 414 Pa.Super. 6, 10, 606 A.2d 470, 471 (1992).

***Kafando v. State Farm Mut. Auto. Ins. Co.***, 704 A.2d 675, 676 (Pa.Super. 1998).

A motion for judgment on the pleadings is governed by Pa.R.C.P. 1034, which provides:

> (a)     After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.
>
> (b)     The court shall enter such judgment or order as shall be proper on the pleadings.

Pa.R.Civ.P. 1034(a-b).

Initially, appellant contends that the trial court erred when it dismissed the present action on the basis of defective service and the running of the statute of limitations when appellant timely filed, reinstated, and served the complaint in compliance with the statute of limitations and the Pennsylvania Rules of Civil Procedure.

As the parties agree, the statute of limitations for medical malpractice and wrongful death actions in Pennsylvania is two years. ***See*** 42 Pa.C.S.A. § 5524. Damaris Reyes died on July 25, 2012. According to appellant, Reyes's death was caused by the negligent actions of appellees. Appellant filed a complaint on July 3, 2014, prior to the expiration of the statute of limitations but did not serve appellees at that time.

> It is well settled in this Commonwealth pursuant to ***Lamp v. Heyman***, 469 Pa. 465, 366 A.2d 882 (1976), and ***Farinacci v. Beaver County Industrial Development Authority***, 510 Pa. 589,

511 A.2d 757 (1986), that service of original process completes the progression of events by which an action is commenced. Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service. ***Moses v. T.N.T. Red Star Express***, 725 A.2d 792 (Pa.Super.1999), ***appeal denied***, 559 Pa. 692, 739 A.2d 1058 (1999). "What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." ***Id.*** at 796; ***Devine v. Hutt***, 863 A.2d 1160, 1168 (Pa.Super.2004) (citations omitted). "[W]here noncompliance with ***Lamp*** is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." ***Farinacci*** at 594, 511 A.2d at 759.

In making such a determination, we have explained:

> It is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of ***Lamp*** will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in ***Lamp*** to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.

***Devine***, ***supra*** at 1168 (quoting ***Rosenberg v. Nicholson***, 408 Pa.Super. 502, 597 A.2d 145, 148 (1991), ***appeal denied***, 530 Pa. 633, 606 A.2d 903 (1992)). "[A]lthough there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable." ***Bigansky v. Thomas Jefferson University Hospital***, 442 Pa.Super. 69, 658 A.2d 423, 433 (1995), ***appeal denied***, 542 Pa. 655, 668 A.2d 1119 (1995).

*Englert v. Fazio Mech. Services, Inc.*, 932 A.2d 122, 124-125 (Pa.Super. 2007), *appeal denied*, 938 A.2d 1053 (Pa. 2007).

In *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005), a plaintiff filed a writ of summons but served it by certified mail in violation of the Pennsylvania Rules of Civil Procedure. The plaintiff subsequently reinstated the writ after the expiration of the statute of limitations and then made proper service. The City of Philadelphia filed preliminary objections on the basis that service of the original writ did not comply with the rules. The Court of Common Pleas of Philadelphia County overruled the preliminary objections. The Commonwealth Court reversed and remanded for dismissal of the case. *Id.*, 888 A.2d at 666-669.

On appeal, the Supreme Court of Pennsylvania formally adopted the more flexible approach outlined by this court in *Leidich v. Franklin*, 575 A.2d 914 (Pa.Super. 1990), *appeal denied*, 584 A.2d 319 (Pa. 1990),[1]

---

[1] In *Leidich*, Virginia Leidich ("Leidich") suffered personal injuries on April 4, 1986, when her vehicle collided with another automobile owned by David and Irene Franklin ("the Franklins"). On January 4, 1988, Leidich filed a praecipe for the issuance of a writ of summons with the Dauphin County prothonotary. Written on the back of the writ was "writ to atty. 1/4/87 RB." The notation mistakenly identified the year as 1987 instead of 1988. The writ was served upon the Franklins by first class mail dated January 5, 1988, and was not served by the sheriff. Also, on January 5, 1988, the Franklins were served with a notice to appear for a deposition on February 2, 1988. The Franklins' attorney objected to the deposition, and the parties agreed to postpone the deposition indefinitely. From March 15, 1988 through April 4, 1988, Leidich submitted medical bills to the Franklins' insurer with respect to the possible settlement of the claim for the policy limits. *Leidich*, 575 A.2d at 915.

which allowed for the continued validity of the writ despite technical non-compliance with the Rules so long as the defendant received actual notice and was not prejudiced. The **McCreesh** court rejected the strict approach of cases such as **Teamann v. Zafris**, 811 A.2d 52 (Pa.Cmwlth. 2002), **appeal denied**, 830 A.2d 976 (Pa. 2003), which required rigid compliance with the Rules in order to satisfy the **Lamp** test. In so doing, the court in **McCreesh** emphasized the purpose of **Lamp**, which was to prevent plaintiffs from abusing a loophole in the Rules by repeatedly reissuing the writ and stalling the litigation:

---

When it became clear that the Franklins were contesting the case on technical grounds of improper service, Leidich filed a praecipe to reissue the writ on May 17, 1988. The writ was reissued, and the sheriff served the writ on May 17, 1988. Leidich filed a complaint. The Franklins answered and in new matter alleged that Leidich's claim was barred by the statute of limitations and by **Lamp**. **Id.**

The Court of Common Pleas of Dauphin County granted the Franklins' motion for judgment on the pleadings on the basis that service by mail of the initial writ was contrary to the Pennsylvania Rules of Civil Procedure, local practice, and established case law. **Id.**, 575 A.2d at 915-916.

Leidich appealed to this court and argued that she complied with the "good faith" requirement of **Lamp** in effectuating service of the writ of summons by mail so as to toll the statute of limitations and render the suit viable. **Id.**, 575 A.2d at 916.

This court reversed. This court reasoned that the defect in service did not affect any substantial rights of the Franklins, the Franklins were not prejudiced by the manner in which they received notice of the suit, and there was no evidence that Leidich's attorney had acted to stall the machinery of justice. **Id.**, 575 A.2d at 919.

Upon review of these cases, we conclude that the rigid compliance requirement of the **Teamann** [**v. Zafris**, 811 A.2d 52 (Pa.Cmwlth. 2002), **appeal denied**, 830 A.2d 976 (Pa. 2003)] line of cases is incompatible with the plain language of Rule 401,[2]

---

[2] Rule 401 of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

**Rule 401. Time for Service. Reissuance, Reinstatement and Substitution of Original Process. Copies for Service**

    (a)    Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

    (b)    (1)    If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.

            (2)    A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.

        . . . .

the spirit of **Lamp**, and the admonition of Rule 126[3] to construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties. In **Lamp**, we sought to alleviate the hardships caused by plaintiffs who exploited the rules of civil procedure to make an end run around the statutes of limitations.

Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. *Therefore, we embrace the logic of the **Leidich** line of cases, which, applying **Lamp**, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.*

**McCreesh**, 888 A.2d at 674 (emphasis added).

---

(4)    A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement or substitution.

Pa.R.C.P. 401.

[3]    **Rule 126.  Liberal Construction and Application of Rules**

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126.

> As stated earlier, this Court in **Lamp** attempted to prevent plaintiffs from abusing the liberal rules of civil procedure which had been enacted originally to protect plaintiffs from being thrown out of court despite commencing an action within the applicable limitations period. The cases requiring strict compliance hearken back to these draconian procedures and replace a factual good faith inquiry with an objective bright line standard of compliance that is wholly inconsistent with the concept of good faith.

**Id.**

In **Englert**, this court decided that a good faith effort to effectuate service was not made, pursuant to **Lamp** and **McCreesh**. John and Renee Englert ("the Englerts") allegedly suffered injuries in an automobile accident which occurred on March 25, 2002. On September 19, 2003, the Englerts filed a praecipe for a writ of summons against C.J. Timko ("Timko"), the driver of the vehicle that hit them, and Fazio Mechanical Services, Inc. ("Fazio"), Timko's employer. The Englerts provided the sheriff's office with an address for Fazio taken from the Greater Pittsburgh Telephone Directory. Fazio had moved from this address on March 21, 2003. On October 23, 2003, the Allegheny County Sheriff's Department filed a return of service, which indicated that Fazio had moved to a different address and listed the new address. The Englerts' counsel did not check the docket or contact the sheriff's department to find out if the service of the writ of summons had occurred. The Englerts' counsel waited for the sheriff's department to mail the return of service. **Englert**, 932 A.2d at 123.

- 10 -

The Englerts' counsel had moved his office on October 27, 2003, and had problems receiving his mail. By letter dated March 11, 2004, Timko and Fazio's insurer asked whether John C. Englert was making a claim for his injury and advised him that the statute of limitations ended on March 25, 2004, and that if he failed to make a claim by that date, he would be barred from doing so. In March 2004, the Englerts' counsel received a copy of the sheriff's return in the mail. On March 31, 2004, the Englerts' counsel filed a praecipe to reissue the writ of summons two years and six days after the accident. *Id.*, 932 A.2d at 124.

Timko and Fazio moved for summary judgment and asserted that the Englerts' claims were barred by the statute of limitations. The Court of Common Pleas of Allegheny County granted summary judgment. The Englerts appealed to this court. *Id.*

This court affirmed:

> We discern no abuse of discretion under the circumstances presented here, where [the Englerts] took no action whatsoever once the writ was issued to ascertain whether service was properly made and relied instead on counsel's customary practice of waiting for word from the Sheriff's office, no matter how long that might take and in spite of the difficulties he had experienced receiving his mail in a timely manner. [The Englerts'] conduct clearly amounted to "neglect . . . to fulfill the responsibility to see that requirements for service [were] carried out." In other words, [the Englerts'] inaction demonstrated an intent to stall the judicial machinery which was put into motion by the filing of the initial writ and simply cannot be excused.

*Id.*, 932 A.2d at 126-127 (citation and footnote omitted).

Here, the trial court reasoned:

> In this case, [appellant] failed to properly reinstate and serve a Civil Complaint within the time deadline established by a statute of limitations. [Appellant's] counsel candidly acknowledges that his office erred by failing to comply with the rules governing service of original process. Unfortunately for [appellant], his counsel's mistake is fatal to his claim; Rule 126 simply does not allow us to extend the statute of limitations and ignore the defects of service.
>
> . . . .
>
> Though [appellant] commenced the action within the statute of limitations, service was not effected on [appellees] until August 11th, beyond the running of the statute. In the interim, the Complaint was not reinstated.[4] [Appellant] explained in his Brief that this failure was the result of a "clerical error"; he also confirmed this at the hearing. Under the rule of *Lamp* . . . a clerical error would excuse [appellant's] tardiness if it was due to the interference of a third party. However, as [appellant's counsel] himself has admitted, the error was made by his own staff, whom he believes attempted to effectuate service through a private process server. While [appellant] has not shown an intent to stall the judicial machinery, neither has he shown any good faith efforts to timely effectuate service. The fact that the failure to do so was the result of [an] innocent mistake on [appellant's] part makes no difference. We simply cannot excuse [appellant's] untimeliness because his failure to even attempt to comply cannot comprise a good faith attempt. Therefore, [appellant] cannot sustain his burden.

---

[4] The complaint was, in fact, reinstated.

Trial court opinion, 8/4/15 at 1-2, 6. This court cannot reconcile the trial court's determination with our supreme court's pronouncement in **McCreesh**.

Here, the statute of limitations expired on July 25, 2014. Appellant filed the complaint on July 3, 2014, well within the statute of limitations. Appellant's counsel failed to direct the sheriff to serve appellees with the complaint in accordance with the Pennsylvania Rules of Civil Procedure. As a result, service was not made within 30 days of the filing of the complaint. However, when appellant or, in reality, appellant's counsel realized that appellees had not been served with the complaint, appellant's counsel quickly moved to reinstate the complaint on August 6, 2014, 12 days after the expiration of the statute of limitations and only 4 days after the 30-day deadline for service of the original complaint. August 6, 2014, was a Wednesday. The sheriff served appellees by the following Monday on August 11, 2014, only 39 days after the filing of the original complaint and only 17 days after the passing of the statute of limitations.

First, the filing of the complaint combined with the service of process tolls the statute of limitations which in this case is 2 years. While it is undisputed that service of the reinstated complaint was not made until after the expiration of the statute of limitations, it was only made 17 days after the expiration. If appellant had waited until the last day of the statute of limitations period, July 25, 2014, to file the complaint, appellant would have

had 30 days from that date, or until August 24, 2014, to make good service.

Second, in **McCreesh**, the Pennsylvania Supreme Court rejected an overly technical approach which required strict compliance with the rules in order to satisfy the **Lamp** test. In **McCreesh**, the Pennsylvania Supreme Court followed the analysis espoused in **Leidich** and determined that the court should dismiss complaints in cases where a plaintiff has attempted to stall the judicial machinery or where a plaintiff's failure to comply with the Pennsylvania Rules of Civil Procedure has prejudiced the defendant. Here, there clearly is no attempt to stall the judicial machinery. Further, given the example outlined above concerning filing a complaint on the last day of the statute of limitations period, it is hard to see how appellees are prejudiced here. This court realizes that **McCreesh** refers to cases where actual notice was given to the defendant that a complaint or action was forthcoming or had been filed. Here, nothing in the record indicates that appellees had actual notice of the filing of the complaint though they did have notice of potential litigation when appellant requested the medical records of Damaris Reyes.

Third, this case is distinguishable from **Englert** in that, in **Englert**, the Englerts provided the sheriff with the wrong address of Timko and Fazio. Although the sheriff filed a return of service which indicated the new address in October 2003, the Englerts or their counsel failed to contact the sheriff's office or check the docket to see if service had been made. Even though the

Englerts' counsel had moved his office and had difficulty receiving mail, the Englerts' counsel did nothing with respect to service until March 2004 when the insurer notified Englert of the impending end of the statute of limitations period, and the counsel received the return of service in the mail. In contrast, here, appellant's counsel promptly checked to see if service had been made. When he realized that it had not, he quickly reinstated the complaint and effectuated service within five days. Unlike in *Englert*, there was no intent to stall the judicial machinery.

Fourth, the trial court mentions in its opinion that appellant failed to reinstate the complaint, which would indicate a further lack of compliance with the procedural rules. However, it is clear from the record that appellant did do so.

For the foregoing reasons, the order is reversed.

Bender, P.J.E. joins this Memorandum.

Stevens, P.J.E. files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017

- 15 -